WESTERN UNION TELEGRAPH COMPANY v. W. A. BROESCHE.

No. 2436.

1. **Negligence—Telegraph Company.**—It is immaterial whether a telegraph company which receives a message for transmission is informed at the time that the charges are paid by another and that for his benefit its transmission is desired. When its terms disclose the necessity for its prompt delivery the company is liable to the party for whose benefit it is sent, if he suffers damage from the company's negligence.

2. **Telegraph Message—Negligence.**—A telegraph company can not relieve itself from liability for failing to deliver a message paid for and sent by it by showing that its office at the point of delivery was closed when the message was received for transmission.

3. **Case Adhered To.**—Stewart v. Telegraph Company, 66 Texas, 581, adhered to.

4. **Telegraph Message.**—The stipulation contained in a printed blank on which a telegraph message is written, that the company would not be liable for damages beyond the cost of the message unless it was repeated, can not affect the right to recover damages caused by a failure to deliver the message.

5. **Same.**—When the very nature and importance of a telegraphic message are apparent from the terms used and the urgency for its speedy transmission is thus known by the agent who receives it, no further explanation to the company's agent is required in order to render the company liable for negligence in delivering it.

6. **Measure of Damages.**—Mental anguish constitutes an element of damage which the law affords no rule for measuring, and when this is the basis of a verdict for damages and nothing appears to show that the jury acted under passion, prejudice, or other improper influence, the verdict and judgment will not be disturbed.

7. **Fact Case.**—See this case for facts under which a verdict against a telegraph company for $1168 damages caused to the feelings of a surviving husband by the failure of a telegraph company to deliver a message announcing the moving of his wife's remains by railway train just after her death, was not deemed excessive.

APPEAL from Washington. Tried below before Hon. I. B. McFarland. The opinion states the case.

*Stemmons & Field*, for appellant.—Under the law and the allegations in plaintiff's petition there can be no recovery for plaintiff for distress of mind in this class of cases. G. C. & S. F. Ry. Co. v. Levy, 59 Texas, 542; G. C. & S. F. Ry. Co. v. Levy, 59 Texas, 563; Johnson v. Wells, Fargo & Co., 6 Nev., 224; Wyman v. Leavitt, 71 Mass., 227; Wood's Mayne on Dam., p. 74 and note; Cumming v. Williamstown, 1 Cush., 452; Lynch v. Knight, 9 H. L., 577; 2 Greenl. on Ev., sec. 267, and note 1; 2

Thomp. on Neg., 1258; Black v. Carrington, 10 La. An., 33; Whart. on Neg., sec. 756; 2 Kent's Com., 195; Segd. on Dam., 7 ed., p. 29, and note A; Wilson v. Young, 31 Wis., 574; Walsh v. C. I⸀ & St. P. Ry. Co., 42 Wis., 23; Jack v. Dunkard, 85 Ill., 331; Astell v. W. U. Tel. Co., 79 Ia., —; Flemington v. Smithee, 2 C. & P., 292; Shearm. & Redf. on Neg., secs. 557, 608; Logan v. W. U. Tel. Co., 84 Ill., 468; Boone v. Town of Danville, 53 Vt., 190; Big. on Torts., sec. 19; Russell v. W. U. Tel. Co., 18 N. W. Rep., 206; Field on Dam., sec. 630; 3 Sutherl. on Dam., 715; 24 Am. Rep., 377; 36 Am. Rep., 303.

The court erred in giving this special charge asked by plaintiff: "The plaintiff alleges that the telegram was delivered to the defendant's operator at Austin by J. M. Hons, acting as plaintiff's agent, and the first question for you to consider is whether or not the message was delivered for transmission, as alleged, to the defendant's operator at Austin by said J. M. Hons, and if so whether or not on so delivering it said Hons acted on plaintiff's behalf and at his request; and if you find he did not so act you need not inquire further but will return a verdict for defendant." In this that the charge fails to submit the question whether defendant had any notice that Hons was acting as appellee's agent in contracting for the delivery of said message.

The court erred in the sixth special charge to the jury asked by plaintiff, wherein it told the jury: "It would be no defense for the failure to transmit and deliver the message according to the undertaking, if such failure has been shown, if its agents and employes at Austin received the message for transmission after the usual hour of closing the office at Burton. Given v. W. U. Tel. Co., 24 Fed. Rep., 119.

The court erred in refusing to instruct the jury as requested by defendant in the fourth special charge asked by it, as follows: "You are further instructed that unless you find and believe from the evidence that the defendant or its agents engaged in the transmission of said message, or some of them, or one of them, were guilty of gross negligence, and unless you further find and believe that defendant's agent knew at the time he accepted said message, either from the face of the message or from knowledge communicated to him at or before he accepted the said message for transmission, that the object of said message was to have the said Hoffman meet the remains of plaintiff's wife at the depot at Burton with a team for the removal of said remains, and to notify plaintiff and his (plaintiff's) wife's relations of the death of plaintiff's wife, and make arrangements for her burial, you can not find for plaintiff any sum in damages to compensate him for any mental suffering or injury occasioned him by reason of defendant's failure to transmit and deliver said message before the arrival of the remains of plaintiff's wife at Burton. Stuart v. W. U. Tel. Co., 66 Texas, 581, 583; G. C. & S. F. Ry. v. Levy, 59 Texas, 543; Pacific Ex. Co. v. Darnell Bros., 62

Texas, 639; Daniel v. W. U. Tel. Co., 61 Texas, 452; 2 Wait's Actions and Def., 464, 465.

*Bassett, Muse & Muse,* for appellee.—Upon the allegations of the petition the mental anguish and suffering sustained by the plaintiff by reason of the defendant's failure to comply with its contract to deliver the telegram were proper elements of damage to be considered by the jury in connection with the other damages alleged in the petition. Stuart v. W. U. Tel. Co., 66 Texas, 580 *et seq.;* Gallagher v. Bowie, 66 Texas, 265.

The defendant can not excuse the breach of the contract and undertaking made by one of its agents within the scope of his authority by showing that it was unable to comply with the contract because of rules and regulations established by itself for the conduct of another of its agents, especially in view of the fact that no effort was made by them to send the message by telephone, as they might have done, or to apprise the plaintiff or his agent of the fact that the Burton office was closed, so as to enable him to avail himself of other means of communication.

The stipulation relied on by appellant was an attempt to secure itself from liability for the negligent acts of its agents and employes, and was against public policy and void.   W. U. Tel. Co. v. Neill, 57 Texas, 283, 289; Womack v. W. U. Tel. Co., 58 Texas, 176, 181; W. U. Tel. Co. v. Blanchard, 68 Ga., 309; Hibbard v. W. U. Tel. Co., 33 Wis., 558, 564, 565; Tyler v. W. U. Tel. Co., 60 Ill., 421, 432; True v. Int. Tel. Co., 60 Me., 9, 19, 20; Bartlett v. W. U. Tel. Co., 62 Me., 209, 218; Candee v. W. U. Tel. Co., 34 Wis., 471.

Defendant's right to limit its responsibility is restricted to such stipulations as are needful to guard against errors incident to the nature of the business, e. g., errors in transmission due to electrical disturbances, and does not extend to shelter it from breaches of contract, or from responsibility for losses due to the negligence of its agents and employes. W. U. Tel. Co. v. Fenton, 52 Ind., 1, 5, 6; W. U. Tel. Co. v. Graham, 1 Col., 220, 234, 235; W. U. Tel. Co. v. Tyler, 74 Ill., 168, 170–172, and cases cited.

The proposition of appellant is said by the learned editor of the American and English Corporation Cases to be against the clear weight of authority.   8 Am. and Eng. Corp. Cases, 44, note.

The same result is reached by the author of Gray's Communication by Telegraph, sections 46 to 50.

ACKER, JUDGE.—Appellee carried his wife from their home near Burton to Austin for medical treatment, Dr. Hons, their family physician, accompanying them.   The wife died at Austin on Sunday, July 17, 1887, and Dr. Hons and appellee went to appellant's office in Austin between

6 and 7 o'clock p. m. on that day and delivered to appellant the following message:

"Mrs. Broesche is dead; will bring corpse on train to-night.

"J. M. HONS."

This telegram was addressed to appellee's brother-in-law, Hoffman, at Burton. Appellee paid the charges for transmitting this message, and left Austin with his wife's body that night by train, arriving at Burton about 1:30 a. m. on the 18th of July. The message was not delivered until about 8:30 a. m. the next day after it was deposited with appellant's agent in Austin, and some hours after the arrival of the corpse. This suit was brought by appellee to recover damages for the alleged negligent delay in delivering the telegram.

The trial was by a jury and resulted in verdict and judgment in favor of appellee for $1168, from which this appeal is prosecuted.

The court charged the jury to the effect that if they found that Hons delivered the telegram to appellant's agent in Austin, as alleged, they would then find whether or not in so delivering it Hons acted on behalf of appellee and at his request, and that if they found Hons did not so act, they should return a verdict for appellant.

It is insisted that the court erred in giving the charge in this, that it fails to submit the question whether appellant had notice that Hons was acting as appellee's agent in contracting for the delivery of the message. No special instruction was requested to cure the alleged omission here complained of. Besides, we are of opinion that it was immaterial whether appellant was notified that Hons was acting as agent for appellee or not. We can not see how this could have affected the rights or influenced the conduct of appellant's agents. Appellee and Hons were together in the presence of the agent to whom the message was delivered at Austin. Appellee paid the charges for transmitting the message; the operator to whom the message was delivered testified that he knew from the wording of the message that it demanded prompt delivery. Conceding that appellant was not informed that Hons was acting as agent for appellee, we are unable to understand how the lack of this information affected in any way the the conduct of appellant's agents. It does not appear that they would have done more or acted differently under the contract. Story on Agency, secs. 418, 420. We think, however, that appellant was sufficiently informed of the agency of Hons.

We think there was no error in the omission in the charge complained of by the third and fourth assignments of error.

The court charged the jury to the effect that the fact that appellant's office at Burton was closed at the time its agent at Austin received the message for transmission would be no defense for failing to transmit and deliver the message, and it is contended that the court erred in this charge.

We think the court did not err in giving this charge. The contract to transmit the message was made by appellant through its agent, who was fully authorized and empowered to make it; we do not think appellant can excuse its failure to perform the contract upon the ground that another one of its servants, acting under authority from appellant, had rendered the performance of the contract impracticable.

· It is also contended that the court erred in charging that the jury might take into consideration mental anguish and suffering as elements of damages if they should find for appellee. The point here presented had been ruled against appellant by several decision of this court. Stuart v. Telegraph Co., 66 Texas, 581–586.

It is also contended that the message having been written on a printed blank containing a stipulation that appellant would not be liable in damages for delay in transmitting or delivering the message beyond the cost of transmitting unless it was repeated, the court should have charged the jury that if they found that the message had not been repeated then they should return a verdict for appellant. We think the court did not err in refusing to give the special charge asked by appellant upon the stipulation contained in the printed blank. It has been decided that the stipulation requiring messages repeated can not be invoked in defense of an action to recover damages for delay or failure in delivering the message. G. C.. & S. F. Ry. Co. v. Wilson, 69 Texas, 739.

We do not think that appellee's right of recovery was dependent upon the jury finding appellant guilty of gross negligence, and we think the court did not err in refusing the special charge requested by appellant to that effect. Negligence by appellant in failing to deliver the message, without regard to the degree of such negligence, would render it liable for such damage as was the direct and natural result of such failure to deliver. Ry. Co. v. Wilson, *supra.*

Appellant requested the court to instruct the jury to the effect that appellee could not recover damages by reason of his failure to accomplish any purpose not shown by the face of the message unless appellant had notice of such exterior purpose at the time the contract was made. The special instruction was refused and this is assigned as error.

The court charged the jury that appellee could only recover such damage as was the direct and natural result of the failure to transmit and deliver the message. The operator at Austin to whom the message was delivered testified that he knew from the message that appellee's wife was dead, and that they expected to convey her body to Burton by the train that night, and that unless the telegram was delivered the evening he received it the corpse would reach Burton before the telegram.

The purpose of appellee in informing Hoffman of the death, and the fact of conveying the corpse to Burton by train, was too obvious to require explanation. We think the special charge asked and refused was

not called for nor authorized by the facts, and that the court did not err in refusing to give it.

It is also contended that the verdict is excessive, but under the previous decisions of this court we can not say that it is. Mental anguish or distress being an element of actual damage for which the law furnishes no rule for estimating, its measure is left to the discretion of the jury. Unless it appears that the jury have acted from passion, prejudice, or other improper influence, the verdict will not be vacated on the ground of excessiveness alone. We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted February 12, 1889.