Bush *et al. v.* The Board of Commissioners of Hamilton County.

No. 15,309.

BUSH ET AL. *v.* THE BOARD OF COMMISSIONERS OF HAM-
ILTON COUNTY.

PRINTERS' FEES.—*Statute Unrepealed.*—Section 6011, R. S. 1881, fixing the
compensation of newspapers for advertising done for the officers therein
named, growing out of their duties, does not repeal the proviso of sec-
tion 5765, R. S. 1881, providing for the publication of the list of com-
missioners' allowances, and fixing the compensation therefor at five
cents for each allowance.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*W. S. Christian,* for appellee.

BERKSHIRE, J.—The appellants filed a claim with the ap-
pellee on account of the publication in their newspaper of
the list of allowances made by the latter at their March ses-
sion, 1889. The amount of the claim was $44, and the
amount allowed by the appellee was $15.

From the allowance made by the appellee the appellants
appealed to the circuit court, and judgment was rendered
therein for the appellants for the sum of $15, and from
that judgment this appeal is taken.

The controversy grows out of the construction which the
parties give to sections 5765 and 6011, R. S. 1881. The first
named section came into force August 24, 1875, and the lat-
ter section May 31, 1879. Section 5765 reads as follows:
" The auditor of each county of the State shall be required
to publish, in a newspaper of the largest circulation in his
county, a statement showing all allowances made by the
county commissioners at each term of their court, to whom the
allowances are made, and for what purpose. *Provided:* That
the printing thereof shall not exceed five cents for each al-
lowance."

So much of the said section 6011 as concerns this controversy reads thus: "Advertising, growing out of any duty of any city, county, or township officer, executor, administrator, guardian, trustee, or assignee (except the printing of the delinquent tax list), shall be, by such officer, charged up, collected, and paid over to the printer. And when such printing is done for the county, the board of county commissioners shall allow the same and pay it out of the county treasury, according to the rate herein fixed.

"The compensation for such advertising shall be as herein set forth, to wit: for each advertisement, per square of two hundred and fifty ems, first insertion, one dollar."

The contention of the appellant is that section 6011, by implication, repeals the proviso in section 5765, and controls as to the price to be paid for the publication provided for in the former section.

It is unnecessary to cite authorities to support the assertion that the rule which allows the repeal of statutes by implication is not favored by the courts. It is well settled that where, apparently, inconsistent statutes will bear either of two constructions, and by one of these constructions force and effect will be given to both statutes, and by the other all, or a part, of one of them will be stricken down; that construction will be followed which will enable all to stand. It is only where there is such inconsistency in the provisions of the two statutes that no reasonable construction can be found whereby both statutes may be upheld, that the earliest statute will be regarded as repealed by the later one.

But in our opinion section 6011 is not in conflict with the proviso in section 5765. This last section simply provides for the publication of the list of allowances as made by the board of commissioners, and the compensation to be received therefor. The board of commissioners make the allowances; with this the auditor has nothing to do; the publication does not grow out of any duty he has to perform. All that he does is to see that the publication is made.

Section 6011, recognizing the fact that the officers and persons acting in a judiciary capacity therein named, have certain duties to perform, wherein it is necessary to make publication in a newspaper, confers upon them authority to have such advertising done as grows out of the performance of those duties. This section of the statute is only available where the officer, or judiciary, has to transact some duty, and in connection therewith is required to make publication in a newspaper. To illustrate: An executor, or administrator, is required to sell real estate for the payment of debts; notice by publication is required before he can make a valid sale. And under the Ditch law, found in the Revised Statutes, 1881, section 4303, makes it the duty of the county auditor to give notice before he lets the contract for building the ditch.

In our opinion the court below placed the proper construction upon the statutes in question.

Judgment affirmed, with costs.

Filed Jan. 11, 1890.