THOMAS J. THOMPSON et al v. WESTERN UNION TELEGRAPH COMPANY.·

*Damages—Telegraph Companies—Negligence—Judge's Charge—*
*Mental Suffering—Proximate Cause.*

1. Where, in an action against a telegraph company for damages for failure to send a message in time, the Court failed to instruct the jury, in response to a prayer of defendant, whether or not they would be at liberty to give the plaintiff damages for mental suffering, unaccompanied by any other injury, or whether, if damages could not be assessed for that cause, the testimony tended to show any concomitant wrong to the person : *Held* to be error.

2. In such case the error committed by the Judge in his instructions that, in any event, plaintiffs were entitled to nominal damages, is not cured by his subsequent instruction that, if they should find that defendant's agent was prevented by obstruction of the line, due to causes beyond its control, from sending the message promptly, they should respond No to the issue as to defendant's negligence.

This was a CIVIL ACTION, for damages, brought by the plaintiffs against the defendant for a failure to deliver a certain telegram, tried before *Bynum, J.,* at the April Term, 1889, of CASWELL Superior Court, upon the following issues:

1. Did the defendant corporation contract to forward immediately and promptly deliver the telegraphic message described in the complaint?   Ans. Yes.

2. Did the defendant negligently and carelessly fail to forward and deliver said message?   Ans. Yes.

3. Was the negligence of the defendant company the direct and proximate cause of the damage and injuries complained of by the plaintiffs?   Ans. Yes.

4. What damage have the plaintiffs sustained by the failure to forward and deliver the message as agreed?   Ans. Three thousand dollars.

It was in evidence, on the part of the plaintiffs, that *feme* plaintiff Mary E. Thompson, then living at Danville, Va., was in labor of childbirth on February 1, 1888. At about 10 o'clock A. M. on that day, her little son delivered a telegram to the defendant telegraph company's agent at Danville, Va., directed to her husband, the co-plaintiff herein, then living at Wilton, N. C., in the following words: "Father, come at once; mother sick," for which he paid 25 cents, and the agent promised to send it right away.

The telegram was not received by the husband until February 2d, between 1 and 2 o'clock, and he did not arrive home until 8:30 P. M. of that day. There was evidence that *feme* plaintiff's labor was prolonged and painful; that she had since been greatly enfeebled thereby; that the absence of her husband added to her pain and mental anxiety; that the child died in two or three days, from umbilical hemorrhage, and probably also from severe constitutional trouble. There was also evidence that *feme* plaintiff was neglected before the arrival of her husband.

It was in evidence, on behalf of defendant, that the message was not repeated, and that the line wires were down so that the message could not have been sent earlier; that the increased pains of the *feme* plaintiff were due to the child being turned in the womb, and not to her anxiety on account of her husband's absence. The usual printed contract, or memorandum, upon the message was also introduced.

The plaintiff introduced evidence of the lineman tending to show the wires were in good condition on the 1st day of February, 1888.

There was much contradictory evidence upon these questions, and other questions, not necessary to be considered in this appeal. The other facts are set out in the opinion.

*Mr. J. W. Graham*, for plaintiffs.
*Mr. George V. Strong*, for defendant.

AVERY, J.—after stating the facts: The assignment of error, predicated upon the position that the Court misdirected the jury in the fifth paragraph of the charge delivered, and erred in refusing to substitute that asked, or any other specific instruction upon the same subject, must be sustained.

The erroneous proposition is as follows: "Upon the third issue, if the jury believe from the evidence that the wrongs and injuries complained of are the direct and proximate result of the negligence of the defendant company—that they followed as a natural consequence of the negligence of said company—then they must answer the third issue, Yes. But if they believe that said wrongs and injuries were produced by any cause whatsoever, other than the negligence of said defendant company, then they must answer said third issue, No."

Defendant had submitted a prayer for instruction in which the Judge was requested, in substance, to tell the jury that mental suffering, "unless productive of special damages, or resulting from personal injury, is not alone a sufficient ground upon which to maintain an action for damages, and if they believe from the evidence that mental anguish and suffering are the only grounds for damages in this action," they should find the third issue for the defendant. The defendant contended, in effect, that, in any view of the testimony, the plaintiffs could not recover damages for mental anguish, unless accompanied by injury to the person, property or name of the *feme* plaintiff, and whether we concur in the correctness of the view of the law embraced in the request for instruction or not, it is evident that his Honor was in error in refusing to give the jury the benefit of his opinion of the law one way or the other. Instead of leaving them to grope in the dark in the effort to ascertain what were proximate or remote causes of injuries in the application of the law to the facts in this particular case, he should have told them, in response to the prayer of the defendant, if not

of his own motion, whether they would be at liberty to give the plaintiffs damage for mental suffering, unaccompanied by any other injury, or whether, if damage could not be assessed for that cause alone, the testimony tended to show any concomitant wrong to the person that would warrant the jury in considering with it the agony of mind of which the *feme* plaintiff complained.. It was the duty of the Court also to tell the jury whether the bodily pain endured by the *feme* plaintiff at the time, or her bad health after her confinement, were consequent upon her husband's failure to receive the message and return home immediately, by the negligence of the agents of the defendant, was the proximate cause, or whether it was too remote to sustain the action.

In the third paragraph of the instruction given, the jury were told that, in any event, the plaintiffs were entitled to recover nominal damages, to-wit, the cost of sending the message, and though, as an independent proposition, the Judge subsequently instructed them that, if they should find that the defendant's agent was prevented by the obstruction of its line, due to causes beyond its control, from sending the message promptly, they should respond No to the second issue, still the right to recover even nominal damage should have been left to depend upon proof of negligence on the part of the defendant as a prerequisite. The failure to qualify the former proposition, which was in conflict with that subsequently submitted, was calculated to confuse the jury.

It is not necessary to pass upon the other exceptions, nor to decide the interesting question involving the measure of damages that has been discussed by counsel, and which would have been raised by more specific instruction.

There was error, for which a new trial will be granted.

                                                    Error.