Reese *v.* The Western Union Telegraph Company.

Filed April 12, 1890.

———————————◆———————————

No. 13,924.

REESE *v.* THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.—*Message.—Failure to Deliver.—Statutory Penalty:—Residence.—What Complaint Must Show.*—A paragraph of complaint seeking to recover the statutory penalty for the failure of a telegraph company to deliver a message is bad where it fails to aver, in accordance with section 4178, R. S. 1881, that the person to whom the message was addressed resided within one mile of the telegraph station, or within the city or town in which such station is.

SAME.—*Statute.—Repeal of by Implication.—Act of 1885, p. 151, Construed.*—Repeals by implication are not favored, and if a reasonable construction can be found, which will enable both the old and the new laws to stand, that construction will be applied. The act of 1885 (Acts 1885, p. 151) did not repeal by implication section 4178, R. S. 1881. There is nothing in the said act regulating the distance or prescribing the limits within which telegraph companies shall deliver messages.

SAME.—*Non-Delivery of Message.—Sufficiency of Complaint.—Mental Anguish.—Recovery of Damages for.*—A paragraph of complaint which seeks to recover damages from a telegraph company for a breach of duty because of its failure to deliver the following message: "February 21st, 1887. Jamestown, Indiana. To S. Clements. My wife is very ill—not expected to live. Wm. Reese," and which contains proper averments as to the pre-payment of the message, its importance, and the urgency of its delivery, and the knowledge of the company in reference thereto, and the uneasiness, anguish and anxiety suffered by the plaintiff by reason of its non-delivery, states a good cause of action, and under it the plaintiff is entitled to recover substantive damages.

Reese *v.* The Western Union Telegraph Company.

SAME.—*Resulting Mental Anguish.—Ignorance of Telegraph Company.—Answer. —Insufficiency of.*—An answer to the above paragraph of complaint is bad which alleges that the telegraph company was not informed when it undertook to send the message by what appeared on the face of it, or otherwise, that the appellant would suffer pecuniary loss and be damaged because of mental suffering in case of a failure to deliver the message.

SAME.—*Importance of Message.—Notice to Company.—Duty of Company.—Negligence.*—When the importance of a telegraph message appears on its face the company will be held to have notice of the urgency for its delivery, and to have contracted with reference to it. It is the duty of the company under such circumstances to make prompt and reasonable effort to deliver the message to the person to whom it was addressed, and failing to do so the company will be guilty of negligence.

SAME.—*Non-Delivery of Message.—Mental Anguish.—Right to Recover for.— Measure of Damages.*—When, at the time of the delivery of a message to it, the telegraph company has information that mental anguish might, and most probably would, come to some person in case it failed to act promptly in transmitting and delivering the message, such a result is within the undertaking. In such a case the sender of the message is entitled to recover damages for the mental suffering which he endured, and his measure of damages is the amount paid for the transmission of the message, and in addition what would seem to be just as a compensation for his mental anguish.

STATUTE.—*Penal.—How Construed.—Recovery of Penalty.— What Complaint Must Show.*—Penal statutes are to have a strict construction, and to recover a penalty the facts stated in the pleading must clearly show a right to the penalty claimed, notwithstanding such strict construction.

From the Montgomery Circuit Court.

*M. E. Clodfelter* and *J. A. Lindley,* for appellant.

*J. E. McDonald, J. M. Butler, A. H. Snow* and *A. J. Beveridge,* for appellee.

BERKSHIRE, J.—The complaint is in two paragraphs. The substance of the first paragraph is, that on the 27th day of February, 1887, the appellant delivered to the appellee's agent, at its office in Jamestown, Indiana, the following message : " February 21, 1887. Jamestown, Indiana. To A. S. Clements : My wife is very ill—not expected to live. Wm. Reese," and paid to the appellee the sum of twenty-five cents, the usual charge for the transmission of like mes-

sages to the city of Crawfordsville, and the full amount de-
manded for transmitting said message, and at the same time
the appellant guaranteed the payment of all expenses in-
curred by the appellee in the delivery of said message to the
person to whom it was addressed; that the appellee under-
took and agreed to transmit and deliver said message
promptly; that the appellee acted in bad faith, and with
partiality and discrimination, in that it did not transmit and
deliver said message in the order of time in which it was re-
ceived, but wilfully and purposely postponed the transmis-
sion of said message out of its order for more than twenty
days; that after the transmission of said message from the
appellee's office, in Jamestown, the appellee acted in bad
faith, partiality, and discrimination, in this: that it wilfully
and purposely postponed the delivery of said message out of
the order of time in which it was received, and did not de-
liver the same for more than twenty days after it was so re-
ceived, and never did deliver it until called for by the said
Clements at the appellee's office in said city of Crawfords-
ville; that during all the time said message lay in the ap-
pellee's office in Crawfordsville, the appellee transmitted
messages for sundry and divers other persons, and know-
ingly, purposely and wilfully gave preference to others, and
to the delivery of messages to others; that the said messages
so transmitted to the said sundry and divers persons did not
contain intelligence of general or public interest, and were
not communications for or from officers of justice; that the
said Clements then had business rooms rented in said city of
Crawfordsville, and was preparing to go into business only
a few doors from appellee's office; that he had a post-office
box rented, in the post-office of said city, through which he
received his mail, during the time the said message lay in
the appellee's said office (the said post-office being but a few
doors therefrom); that the said Clements was well known to
the postmaster and the employees in said post-office; that it
was the appellee's custom to deliver messages promptly any-

where within five miles of said city, payment of charges being first guaranteed.

Then follows a demand for $100, the statutory penalty which it is claimed the appellant is entitled to recover.

The second paragraph rests upon a breach of duty because of a failure to deliver the message. It is averred that when the contract to send and deliver the message was made with the appellee, the appellant's wife was dangerously ill, in fact at the point of death ; that the A. S. Clements, to whom the telegram was sent, was a brother-in-law of this appellant, having married his sister, and that the families were on the most intimate terms of friendship; that appellant greatly desired the prompt delivery of said message, and relied on and expected that the same would be promptly transmitted and delivered in accordance with the agreement stated ; that the appellee and its agents were fully informed of said facts, and well knew the importance of immediate delivery at the time it received the message and the said guarantee.

It is averred that the said Clements resided during said time not less than one nor more than two miles from said city of Crawfordsville, received his mail at the post-office in said city, and had a box in said office through which he received his mail; that he had resided in and within said city for several years before said date, and was well known in said city ; that he had then arranged to engage in business there; that the wife of the appellant died in a few days after the said message was transmitted ; that if said message had been promptly delivered the said Clements and wife would have been present during the last sickness of appellant's wife, and in time to have conversed with her before her death, and been present until her death and burial ; that by reason of their absence, and of the great desire the appellant's wife had expressed to see them before her death, the appellant suffered great uneasiness, anguish and anxiety of mind.

The court at first overruled a demurrer to each of the par-

agraphs, and the appellee filed an answer in three paragraphs, the first of which was a general denial. The second paragraph applied to the first paragraph of the complaint, and the third paragraph to the second paragraph of the complaint.

The court having afterwards sustained the demurrer to the first paragraph of the complaint, this carried out of the record the second paragraph of answer.

The appellant demurred to the third paragraph of answer, which the court overruled, and he saved an exception; he then filed a reply in general denial.

The issues joined were then submitted to the court without a jury, and after hearing the evidence a finding was made for the appellant, assessing his damages at 50 cents. The appellee then moved for a judgment against the plaintiff for costs. This motion was sustained, to which ruling the appellant reserved an exception. The court then rendered a judgment againt the appellee for 50 cents and against the appellant for costs.

At the time the court reversed its ruling and sustained the demurrer to the first paragraph of the complaint, the appellant saved an exception.

The errors assigned are that the court erred in sustaining the demurrer to the first paragraph of the complaint, in overruling the demurrer to the third paragraph of answer, and in sustaining the motion of the appellee for a judgment against the appellant for costs.

There is not much to be said in reference to the demurrer to the first paragraph of the complaint. We are of the opinion that the averments in the said paragraph did not make a case within sections 1120 and 1122, Elliott's Supp. (Acts of 1885, p. 151), when construed with section 4178, R. S. 1881, and the three sections must be construed together.

It is claimed that the act of 1885 repealed by implication said section 4178. We do not think so; the repealing clause only repeals such laws as are in conflict with the said act.

In its scope the act of 1885 does not cover the subject-matter to which said section 4178 relates. There is nothing in the act of 1885 regulating the distance or prescribing the limits within which telegraph companies shall deliver messages. Repeals by implication are not favored, and if a reasonable construction can be found which will enable both the old and the new laws to stand, that construction will be applied. *Bush* v. *Board, etc.*, 121 Ind. 420.

It is not alleged that the person to whom the telegram was addressed resided in or within one mile of the city of Crawfordsville.

Penal statutes are to have a strict construction, and to recover a penalty the facts stated in the pleading must clearly show a right to the penalty claimed notwithstanding such strict construction. *Hadley* v. *Western Union Tel. Co.*, 115 Ind. 191.

The third paragraph of the answer was pleaded as a partial answer, but it was in bar of all damages except nominal damages.

This paragraph, in substance, is that the appellee was not informed when it undertook to send the message, by what appeared upon the face of it, or otherwise, that the appellant would suffer pecuniary loss or be damaged because of mental suffering in case of a failure to deliver the message.

We think the answer was bad, and that the demurrer should have been sustained.

The second paragraph of complaint showed a good cause of action, and the court so held. Under it the appellant was entitled to more than nominal damages, and more than the sum of fifty cents which the court allowed. If the facts alleged in the complaint were true the appellant was entitled to substantive damages, and the facts set up in the outset did not avoid the appellant's right to recover substantive damages under the allegations of the second paragraph of the complaint. The message was one of more than ordinary importance.

Reese *v.* The Western Union Telegraph Company.

Of its important character the agents of the company at Jamestown and Crawfordsville had knowledge, for the reason that this information appeared on the face of the telegram. It was a message which denoted urgency for its delivery to the person to whom addressed, and of this fact the appellee had notice, and contracted with reference to it. It therefore became the duty of the appellee to make prompt and reasonable effort to deliver the message to the person to whom it was addressed, and especially so as the expense of delivery was guaranteed in advance. This obligation the appellee wholly and entirely failed to perform, and in such failure was guilty of negligence.

Although the telegram had no relation to any business transaction involving dollars and cents, this did not justify the appellee in neglecting its duty.

It had undertaken, for a valuable consideration, to deliver the message promptly, and its failure so to do, or to make reasonable effort in that direction, was negligence and a violation of its undertaking.

The diligence which a telegraph company is required to use in the delivery of a message will be determined, to some extent, from the character and importance of the message.

Upon humane grounds, messages like the one here involved should be promptly delivered, and should be regarded as of more importance to the parties concerned than mere business messages, and in promptness of delivery should have preference over messages of the latter class.

It is true, there was nothing in the telegram to indicate the kinship that existed between the appellant and the person to whom the message was addressed; nor did it request the presence of Mr. Clements, or his wife, at the bedside of the dangerously sick sister-in-law; but this affords no excuse to the appellee for its failure to deliver the telegram. The appellee was bound to know that the message pertained in some way to the serious illness of the appellant's wife, and therefore that prompt communication with the person to

whom the message was addressed was much desired, and especially so in view of the additional fact that the appellant undertook to communicate by a telegraphic dispatch.

From the information at hand, when it entered into the undertaking, the appellee was bound to know that mental anguish might, and most probably would, come to some person in case it failed to act promptly in transmitting and delivering the dispatch, and therefore such a result was contemplated when the message was delivered by the appellant to the appellee's agent at Jamestown, and is within the undertaking.

Whether such mental suffering would be caused by the failure of a brother-in-law and his wife to go at once to the bedside of a dying sister-in-law, or from the failure of a physician to reach his patient while there was still hope that something might be done to bring relief, and possibly a restoration to health, or for some other cause, is unimportant. It was not the particular cause, but the effect which might be produced, that was contemplated by the parties, and which is to be looked to in determining the question of liability.

In *Western Union Tel. Co.* v. *Sheffield*, 71 Texas, 570, a telegram in the following language was delivered to the company's operator to be forwarded: "You had better come and attend to your business at once." The court said that the message indicated with reasonable certainty to the telegraph operator the following facts: "1. That the plaintiffs had a claim of some pecuniary nature. 2. That the claim should be attended to at Jefferson (from whence the telegram was sent). 3. That the matter was urgent, 'at once.' 4. Loss would probably follow the want of such attention, which might be prevented by obeying the call made in the dispatch. This was sufficient to disclose that the object was to enable the plaintiffs to attend to a claim due them, and that loss might result from a failure to transmit the message with promptness."

In *Hadley* v. *Western Union Tel. Co.*, 115 Ind. 191, the

court said, by NIBLACK, J., with reference to the following telegram: "North Salem, Indiana, Oct. 14th, 1886. To Henry Hadley, Danville, Indiana. Want your cattle in the morning; meet me at your pasture. S. C. Clay." "In this case, the terms or contents of the dispatch sent by Clay to Hadley fairly indicated the necessity of its prompt delivery as well as transmission, and were such as to authorize the inference that a delay until the day following would result in confusion and possible, if not probable, injury to one or both parties to the dispatch."

In *Manville* v. *Western Union Tel. Co.*, 37 Iowa, 214, MILLER, J., said: "The message was: 'Ship your hogs at once.' The obvious reason of this is evident on its face. It clearly imports that to meet a good market the hogs must be shipped promptly, and that by delay a good market will be lost. It is equivalent to saying, if you ship at once you will obtain gains on the purchase and sale of your hogs. If you delay these gains will be lost by the market price declining. It is most obvious therefore that the parties contemplated this very thing."

As we have already said, the message clearly indicated its importance and the urgency for its prompt delivery. There were no pecuniary benefits contemplated as the result of the telegram, as it had no reference to any business transaction, and therefore pecuniary loss because of its non-delivery was not within the appellee's undertaking. But the appellant having suffered great mental anguish because (as he alleges) of the failure to promptly deliver the message, it would be a harsh rule which would deny to him all redress except the mere pittance which he paid to have the telegram transmitted and delivered.

Some of the authorities seek to draw a distinction as to the right to recover damages for mental suffering between cases where there may be a recovery for pecuniary loss and cases where there is or can be no pecuniary loss, to which class the present action belongs.

With this distinction we have no sympathy, and confess that we can see no good reason for it to rest upon. If a telegraph company undertakes to transmit and deliver promptly a message wherein dollars and cents are alone involved, and its negligence occasions loss, it is conceded by all the authorities that it may be compelled to respond in damages. Why? Because it has negligently broken its engagement, or, as is sometimes said, failed to perform a duty which it owed to the sender of the message, or the person to whom it is addressed, as the case may be.

For the same pecuniary consideration it undertakes to transmit and deliver a message informing a husband of the dangerous illness of his wife, the wife of the serious sickness of her husband, the parent of the child, the child of the parent, and it negligently fails to deliver the telegram, and as the result the sick relative dies without having the comforting presence of the husband, wife, father, mother, son or daughter, with all the benefits, physical and mental, which would follow therefrom. Is it to be said that, under such circumstances, the most that the telegraph company is liable for is nominal damages because of the great mental anguish suffered by the sender of the telegram, who may be the father, mother, husband, wife or child? In our judgment no such rule can or should prevail.

In failing to promptly deliver the telegram the telegraph company negligently fails to perform a duty which it owes to the sender of the telegram, and should be held liable for whatever injury follows as the proximate result of its negligent conduct.

It is not a mere breach of contract, but a failure to perform a duty which rests upon it as a servant of the people. In our opinion, upon the facts stated in the second paragraph of the complaint, the appellant is entitled to recover damages for the mental suffering which he endured, and his measure of damages is the amount paid for the transmission of the

message, and in addition what would seem to be just as a compensation for his mental anguish.

We have examined the case of *Western Union Tel. Co.* v. *Hamilton*, 50 Ind. 181. That was an action to recover a statutory penalty, and what is said as to measure of damages in an action like the one under consideration is a mere *dictum*, as no such question was before the court. See *Western Union Tel. Co.* v. *Cooper*, 71 Texas, 507 (10 Am. St. Rep. 772, and note); *Wadsworth* v. *Western Union Tel. Co.*, 86 Tenn. 695 (6 Am. St. Rep. 864, and note); *Beasley* v. *Western Union Tel. Co.*, 39 Fed. Rep. 181.

Judgment reversed, with costs; court below directed to proceed according to this opinion.

Filed Mar. 14, 1890; petition for a rehearing overruled April 12, 1890.