### CRAWSON v. WESTERN UNION TEL. CO.

*(Circuit Court, W. D. Arkansas. October 7, 1891.)*

1. FAILURE TO DELIVER TELEGRAM—DAMAGES.
   The party receiving a telegraphic message, the delivery of the same having been negligently delayed by the agents of the company, cannot recover for mental suffering alone, when unaccompanied with other injuries.

2. SAME—MENTAL SUFFERING.
   To warrant the consideration of mental suffering as an element of damages there must be such gross negligence on the part of the agents of the company as to indicate a wanton or malicious purpose in failing to transmit and deliver the message. To warrant the consideration of mental suffering in fixing the amount of damages, the mental suffering must be an element of physical pain, or the natural and proximate result of some physical injury.

*(Syllabus by the Court.)*

At Law.

*F. E. Willey*, for plaintiff.

*Clendening, Mechem & Youmans*, for defendant.

PARKER, J. The plaintiff, as the receiver of a telegraphic message, brings suit for the recovery of damages, and he alleges in his complaint that he lives in the corporate limits of the town of Van Buren, within three-quarters of a mile of the office of defendant. That defendant is doing a general telegraph business in this state, such as receiving, transmitting, and delivering telegrams from and to public and private persons for pay. The said company has an office in Van Buren; also at Salisaw, in the Cherokee Nation, Indian country. That on the 20th of April, 1891, one H. O. Meadows employed and paid the defendant to send a telegram of the following import: "April 20, 1891. SALISAW, I. T. *To Robert Crawson, Van Buren:* Come on this evening's train. Ma wants to see you. H. O. M."—to the plaintiff, at Van Buren, Ark. That the same was for the benefit of plaintiff. That defendant received pay for transmitting said telegram. That the defendant refused to deliver the said message to the plaintiff without any good or lawful excuse whatever, and to the great injury and mental suffering of plaintiff. That defendant refused and failed to deliver said telegram in proper time, because of willful carelessness, wrong, and refusal. That the plaintiff's mother-in-law was at Salisaw, very sick, and supposed to be dying. That she, wanting her children near her at the time of her death, had the dispatch sent to plaintiff. By reason of the defendant's failure to deliver the dispatch to plaintiff, he was prevented, for the space of 24 hours, from going to the bedside of his mother-in-law, and for that reason was compelled to undergo and suffer disappointment, and great anguish and uneasiness of mind. That defendant's agent knew plaintiff's place of abode, and there was ample time to deliver him the dispatch, so he could go on the next train to Salisaw, but defendant's agent failed to do so.

Damages, if actual, must flow directly and naturally from the breach of contract, and they must be certain, both in their nature, and in respect to the cause from which they proceed. 3 Suth. Dam. 303. The nature of the damages, and the cause from which they proceed, must be alleged with certainty in the complaint. Under this rule, the only cause from which damages can proceed in this action is mental suffering, because this is the only source of damages that is set out with sufficient certainty. True, in one part of the complaint it is alleged that defendant's failure was to the great injury and mental suffering of plaintiff; yet the pleader alleges no specific fact which shows any injury aside from his mental suffering. Then the only question for the court is, can the plaintiff recover for mental suffering alone, unaccompanied with other injury? The rule as stated in Wood's Mayne, Dam. 74, (1st Amer. Ed.) is: "In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action." I think the supreme court of Mississippi in *W. U. Tel. Co.*

v. *Rogers,* 9 South. Rep. 823, (opinion delivered May 25, 1891, by Mr. Justice COOPER,) asserts the correct rule when it says:

"We are unwilling to depart from the long established and almost universal rule of law that no action lies for the recovery of damages for mere mental suffering, disconnected from physical injury, and not the result of the willful wrong of the defendant; that such damages are recoverable in actions for breach of contract of marriage."

A rule different from the above, and holding that damages may be recovered for mental suffering, unaccompanied with other injuries, by the receiver of a telegraph message for a negligent delay in delivering the same by a telegraph company, has been declared as the correct rule by the supreme courts of Indiana, Alabama, Kentucky, Tennessee, and Texas. *Reese* v. *Telegraph Co.,* 123 Ind. 295, 24 N. E. Rep. 163; *Telegraph Co.* v. *Henderson,* 89 Ala. 510, 7 South. Rep. 419; *Chapman* v. *Telegraph Co.,* (Kentucky supreme court, June, 1890,) 13 S. W. Rep. 880; *Wadsworth* v. *Telegraph Co.,* 86 Tenn. 695, 8 S. W. Rep. 574; *So Relle* v. *Telegraph Co.,* 55 Tex. 309. The supreme court of Mississippi in *W. U. Tel. Co.* v. *Rogers, supra,* declares: "These cases rest upon the authority of each other, finding no support in the decisions of other states or of England." It may be observed that the cases on the subject of the recovery of damages for injury to the feelings because of willful neglect of a company to deliver a telegraphic message are not uniform in the state of Texas. The case of *Railroad Co.* v. *Levy,* 59 Tex. 542, in effect overrules *So Relle* v. *Telegraph Co.,* 55 Tex. 309. But it may be remarked the United States circuit court for the western district of Texas, in *Beasley* v. *Telegraph Co.,* 39 Fed. Rep. 181, follows the case of *So Relle* v. *Telegraph Co.* I think the true rule is announced in *Chase* v. *Telegraph Co.,* decided by the circuit court for the northern district of Georgia, (44 Fed. Rep. 554,) as well as in the numerous relevant authorities there cited. The principle there announced is in accordance with the old rule of damages, recognized by the courts of this country and England, and it is that the receiver of a telegraphic message, the delivery of which has been negligently delayed, cannot recover for mental suffering alone, unaccompanied with other injuries. If there is such gross negligence on the part of the agents of the company as to indicate wantonness or a malicious purpose in failing to transmit or deliver the message, there might be a recovery for mental suffering alone, or mental suffering may be taken into consideration when it can be considered as the natural and proximate result of a physical injury. It, in such a case, becomes an element to be considered in connection with the physical pain. There is nothing more alleged in the complaint in this case than ordinary willful negligence. There are no allegations of a wanton or malicious purpose on the part of the agents of the defendant in not delivering the dispatch. Such being the case, under the rule named above, and upon the allegations of the complaint, the demurrer must be sustained.