KESTER v. WESTERN UNION TEL. CO.

(Circuit Court, N. D. Ohio.　March 27, 1893.)

TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—DAMAGES FOR MENTAL ANGUISH.

　　No damages are recoverable for mental anguish arising from the fact that the plaintiff was prevented by the delay in the delivery of a telegram from attending his father's funeral, and consoling his mother in her bereavement.

At Law. Suit by Henry J. Kester against the Western Union Telegraph Company for damages for negligence in transmitting a telegram to plaintiff. Defendant demurs. Demurrer sustained.

Tyler & Tyler, for plaintiff.
Henry Newbegin, for defendant.

TAFT, Circuit Judge. This is an action for damages for the negligence of the defendant in transmitting to plaintiff a telegraphic message, as follows:

　　　　　　　　　　　　　　　　　　"Bloomville, Jan. 4, 1892.
"H. J. Kester, Holgate, O.: Father dead. Send word to Brinkman. Funeral Wednesday, eleven A. M.　　　　　　　　　　　　　　J. F. Kester."

J. F. Kester paid the usual tolls for the transmission of the message, which was delayed four days, instead of reaching the plaintiff the same day, as it should have done. No damages are alleged except mental anguish arising from the fact that the plaintiff was prevented by the delay in the message from attending his father's funeral, and consoling his mother in her bereavement. The defendant demurs to the plaintiff's petition, on the ground that it does not state facts sufficient to constitute a cause of action.

The question presented is whether mental anguish alone constitutes any basis for damages in such a case. The authorities are in conflict. Until 1880 there was no authority of any respectability whatever sustaining a cause of action for damages based upon mental anguish only. In 1880 a decision was made by the supreme court of Texas in a delayed telegram case sustaining the view that, though the injury sustained was solely mental pain, damages might be recovered. That case has not been consistently followed in Texas, and yet it is true that by the decisions of the supreme court of that state, as well as by those of the states of Indiana, Alabama, Kentucky, Tennessee, and North Carolina, damages may be recovered in a case like the one at bar. Stuart v. Telegraph Co., 66 Tex. 580, 18 S. W. Rep. 351; Railway Co. v. Wilson, 69 Tex. 739, 7 S. W. Rep. 653; Telegraph Co. v. Cooper, 71 Tex. 507, 9 S. W. Rep.

598; Telegraph Co. v. Broesche, 72 Tex. 654, 10 S. W. Rep. 734; Same v. Simpson, 73 Tex. 423, 11 S. W. Rep. 385; Same v. Adams, 75 Tex. 531, 12 S. W. Rep. 857; Wadsworth v. Telegraph Co., 86 Tenn. 695, 8 S. W. Rep. 574; Reese v. Same, 123 Ind. 294, 24 N. E. Rep. 163; Beasley v. Same, 39 Fed. Rep. 181; Telegraph Co. v. Henderson, 89 Ala. 510, 7 South. Rep. 419; Thompson v. Telegraph Co., 106 N. C. 549, 11 S. E. Rep. 269; Chapman v. Same, (Ky.) 13 S. W. Rep. 880; Young v. Same, 107 N. C. 370, 11 S. E. Rep. 1044; Thompson v. Same, 107 N. C. 449, 12 S. E. Rep. 427; Thomp. Elect. § 378, and cases cited.

This line of authorities depends altogether on the case of So Relle v. Telegraph Co., 55 Tex. 308, which was decided in 1881. No authority can be found to support the contention previous to that case, and that is founded on a mere suggestion of a text writer on the subject of negligence. The doctrine was vigorously attacked in an able dissenting opinion in the case of Wadsworth v. Telegraph Co., 86 Tenn. 695, 8 S. W. Rep. 574, by Chief Justice Lurton, of the supreme court of Tennessee. We think the rule first laid down by the Texas court is a departure from the sound and safe principles of the common law. The difficulty of estimating a pecuniary compensation for mental anguish is itself a sufficient reason for the common-law rule in preventing a recovery for mental anguish in actions for simple negligence or breach of contract. The amount of litigation which would grow out of the adoption of such a rule would be intolerable. The measure of damages to be adopted would be so indefinite and so indefinable as to subject the defendant in such cases to the possibility of great oppression. The difficulty of securing evidence as to the actual mental suffering is another reason why it could not be made the sole basis of an action. It has generally been allowed to be considered as an element in fixing damages in two classes of cases. The first is where there has been a physical injury and physical suffering of such a character that it would be difficult to distinguish between the mental and physical suffering; and the second class of cases is where the injury complained of contains an element of malice, and the damages for mental suffering are left to the jury to be fixed as a kind of punitive or exemplary damages. This case of course comes under neither head. In slander and libel, the action cannot be founded solely on mental suffering. There must be some other damage alleged before a cause of action is stated.

Without a full examination of the authorities, it is sufficient to say that the federal authorities and a large number of others sustain the view here taken. Wilcox v. Railroad Co., (4th circuit,) 52 Fed. Rep. 264, 3 C. C. A. 73; Chapman v. Telegraph Co., 15 S. E. Rep. 901, (decision by the supreme court of Georgia, Lumpkin, J.;) Crawson v. Telegraph Co., 47 Fed. Rep. 544; Chase v. Telegraph Co., 44 Fed. Rep. 554, where all the authorities are cited; West v. Telegraph Co., 39 Kan. 93, 17 Pac. Rep. 807; Russell v. Same, 3 Dak. 315, 19 N. W. Rep. 408; Telegraph Co. v. Rogers, 68 Miss. 748, 9 South. Rep. 823; Lynch v. Knight, 9 H. L. Cas. 577; Commissioners v. Coultas, L. R. 13 App. Cas. 222.

The demurrer to the petition will be sustained, and if no amendment can be made introducing an element of actual pecuniary loss, which from the statements of the petition seems unlikely, judgment will be entered upon this demurrer.