## WESTERN UNION TELEGRAPH CO. v. BURRIS.

(Circuit Court of Appeals, Eighth Circuit.    April 27, 1910.)

No. 3,126.

1. COURTS (§ 372*)—FEDERAL COURTS—AUTHORITY OF DECISIONS OF STATE COURTS.

Under the rule of the federal courts there can be no recovery of damages from a telegraph company for mental anguish caused by failure to deliver a message, or by delay in delivery, where that is the only ground of damage; and in the absence of statutory provisions the question is one of general law, upon which state decisions are not controlling in the federal courts.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 372.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. TELEGRAPHS AND TELEPHONES (§ 56*)—DELAY IN DELIVERY OF MESSAGE—RIGHT OF ACTION BY ADDRESSEE.

By the weight of authority in this country a person to whom a telegram is sent, where it is intended for his benefit or information, has a right of action against the company for negligent delay in its transmission or delivery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 37; Dec. Dig. § 56.*]

3. ACTION (§ 27*)—NATURE OF CAUSE OF ACTION.

An action by the addressee of a telegram against the company for failure to deliver the message is not one on contract, but in tort for failure to perform a duty imposed upon defendant by law.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 27.*]

4. TELEGRAPHS AND TELEPHONES (§ 27*)—ACTION FOR NONDELIVERY OF MESSAGE—MENTAL SUFFERING—STATE STATUTE.

Act Ark. March 7, 1903 (Acts 1903, p. 124), making telegraph companies doing business in the state "liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages," applies only in cases where the negligence occurred within that state, and does not authorize a recovery by the addressee of a telegram for mental anguish alone because of the negligent failure to deliver the message, where the negligence occurred in another state, by the law of which there could not be such recovery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 27.*

Damages for mental suffering from delay in delivering telegram, see notes to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 571; Western Union Telegraph Co. v. Coggin, 15 C. C. A. 250; Western Union Telegraph Co. v. Morris, 28 C. C. A. 62.]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by J. W. Burris against the Western Union Telegraph Company.  Judgment for plaintiff, and defendant brings error.  Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

G. H. Fearons, U. M. Rose, W. E. Hemingway, G. B. Rose, D. H. Cantrell, and J. F. Loughborough, for plaintiff in error.

U. L. Meade, Jeff Davis, Frank Pace, O. T. Hamlin, and T. M. Seawel, for defendant in error.

Before SANBORN, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

RINER, District Judge. This was an action brought by the defendant in error, hereafter called the plaintiff, against the plaintiff in error, hereafter called the defendant, to recover damages for the failure to deliver a telegram. The right to recover damages in this case is based upon an act of the Legislature of the state of Arkansas passed in 1903 (Acts 1903, p. 124), which reads as follows:

"(1) On and after the passage of this act all telegraph companies doing business in this state shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages.

"(2) That nothing contained in this act shall prejudice the rights and remedies now provided by law against telegraph companies, and the rights and remedies provided for by this act shall be in addition to those now existing.

"(3) That in all actions under this act the jury may award such damages as they conclude resulted from the negligence of the said telegraph company."

The plaintiff, J. W. Burris, lived at Russellville, Ark. Mrs. Nora Brashear was the daughter of the plaintiff, and lived with her husband, D. W. Brashear, at Wecharty, six miles from Holdenville, Okl. Prior to the sending of the message Mrs. Brashear was taken ill, and her condition became alarming on March 12, 1908. On that date, at her husband's request, A. C. Brashear, his brother, delivered to the defendant, to be transmitted over its lines, the following telegram:

"Holdenville, Oklahoma, March 12, 1908, 3 o'clock p. m. To Mr. J. W. Burris, in care of R. C. West, Russellville, Ark. Come at once. Nora is at the point of death. A. C. Brashear."

R. C. West was a friend of the family, who lived and was engaged in business at Russellville, Ark. The telegram was correctly transmitted to the city of St. Louis, Mo., through the several relay offices of the defendant, where the destination of the message through mistake or negligence was changed from Russellville, Ark., to Russellville, Ky., and the message was forwarded to the latter place, and never received by the defendant. It was not within the state of Arkansas in the course of its transmission. On March 14th the plaintiff was notified over long-distance telephone of the serious illness of his daughter, and he immediately left Russellville for Holdenville, Okl., arriving there on the morning of March 16th, and after the death of his daughter, which occurred on the evening of March 15th. She was buried on the afternoon of the day of his arrival, and he attended the funeral.

The petition contained the following allegations:

"Plaintiff, further complaining of defendant, alleges: That said message so delivered to the agent of the defendant at Holdenville, Okl., by A. C. Brashear, and received by said agent, was, through the carelessness and neg-

ligence of said agent, missent. * * * That, by reason of the negligence and carelessness and wrongs herein alleged and complained of, plaintiff was deprived of the comfort, satisfaction, and pleasure of seeing and talking to his daughter before her death, to his great mental anguish, grief, and suffering of mind and feelings"—for which he claimed damages in the sum of $2,500.

The court directed a verdict in favor of the plaintiff upon the question of negligence, and submitted the question of the damages to be allowed plaintiff to the jury. The instruction was as follows:

"For these reasons, the court felt it its duty, under the laws of this state, to direct a verdict for the plaintiff. This leaves only one question to be determined by you, gentlemen of the jury, and that is the question of what the damages shall be."

The action is to recover damages for mental anguish alone; no claim being made that there was any personal injury or pecuniary loss. Prior to the case of So Relle v. Telegraph Company, 55 Tex. 308, 40 Am. Rep. 805, decided in 1881, the authorities were uniform to the effect that, in the absence of a statute, mental anguish alone, unaccompanied by personal injury or pecuniary loss, did not constitute a basis for the recovery of damages; but in that case a new doctrine in the law of damages was announced. It was there held by the Supreme Court of Texas that the plaintiff might recover damages for delay in delivering a telegram, though the injury sustained was solely mental anguish. The So Relle Case was in part overruled in the case of Railroad Company v. Levy, 59 Tex. 563, 46 Am. Rep. 278, and another case by the same title, 59 Tex. 542, 46 Am. Rep. 269; but in a later case (Stuart v. Telegraph Company, 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623), the cases of Railroad Company v. Levy were in effect overruled, and the doctrine of the So Relle Case reinstated. So that, while it cannot be said that the So Relle Case has been at all times consistently followed, yet we think it is true that since the case of Stuart v. Telegraph Company, supra, by the decisions of the Supreme Court of that state, damages may be recovered in such a case. Railway Company v. Wilson, 69 Tex. 739, 7 S. W. 653; Telegraph Company v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Telegraph Company v. Broesche, 72 Tex. 654, 10 S. W. 734, 13 Am. St. Rep. 843; Telegraph Company v. Simpson, 73 Tex. 423, 11 S. W. 385.

The same view has been taken by the Supreme Courts of Indiana, Alabama, Kentucky, Tennessee, and North Carolina; Wadsworth v. Telegraph Company, 86 Tenn. 695, 8 S. W. 574, 6 Am. St. Rep. 864; Reese v. Telegraph Company, 123 Ind. 294, 24 N. E. 163, 7 L. R. A. 583; Telegraph Company v. Henderson, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148; Thompson v. Telegraph Company, 106 N. C. 549, 11 S. E. 269; Chapman v. Telegraph Company, 90 Ky. 265, 13 S. W. 880.

The Texas doctrine has not been generally followed, for various reasons stated by the courts, among which are: (1) That it is a departure from the sound and safe principles of the common law; (2) that the difficulty of estimating a pecuniary compensation for mental anguish is in itself a sufficient reason for adhering to the common-law

rule preventing a recovery in such cases; (3) that the amount of litigation which would grow out of the adoption of such a rule would be intolerable; (4) that the measure of damages to be adopted would be so indefinite and so indefinable as to subject the defendant in such cases to the possibility of great oppression; and the difficulty of securing evidence as to the mental suffering is stated in some of the cases as another reason why mental anguish should not be made the sole basis of an action.

The federal courts have uniformly refused to sanction the recovery against a telegraph company for mental anguish caused by delay in delivering a message, where that is the only ground of damage. Chase v. Telegraph Company (C. C.) 44 Fed. 454, 10 L. R. A. 464; Crawson v. Telegraph Company (C. C.) 47 Fed. 544; Tyler v. Telegraph Company (C. C.) 54 Fed. 634; Kessler v. Telegraph Company (C. C.) 55 Fed. 603; Gahan v. Telegraph Company (C. C.) 55 Fed. 443.

In the case of Telegraph Company v. Wood, 57 Fed. 474, 6 C. C. A. 432, 21 L. R. A. 706, the court held that the question of the liability of the telegraph company for the failure to deliver a message promptly is one of general law, as to which, in the absence of statutory provisions, the decisions of the state courts are not controlling in the federal courts, and in that case, although the action originated in Texas, the court refused to follow the Texas decisions. Without attempting a full review of the authorities following the rule announced by the federal courts, we cite the following: Telegraph Co. v. Rogers, 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; Russell v. Telegraph Co., 3 Dak. 315, 19 N. W. 408; Connell v. Telegraph Co., 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172, 38 Am. St. Rep. 575; Kester v. Telegraph Co., 8 Ohio Cir. Ct. R. 236; Summerfield v. Telegraph Co., 87 Wis. 1, 57 N. W. 973, 41 Am. St. Rep. 17; West v. Telegraph Company, 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530; Chapman v. Telegraph Co., 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. Rep. 183; Francis v. Telegraph Co., 58 Minn. 252, 59 N. W. 1078, 25 L. R. A. 406, 49 Am. St. Rep. 507; Peay v. Western Union Telegraph Co., 64 Ark. 538, 43 S. W. 965, 39 L. R. A. 463.

We think the rule announced by the federal courts and by the courts of last resort in the states just mentioned is in all respects sound, and therefore that the plaintiff's right to recover depends wholly upon the statute of Arkansas. It is the rule in England, and has been held by some of the courts in this country, that the addressee of a telegraphic message cannot maintain an action against the company for delay in delivering the message upon the ground that there was no privity of contract between the addressee and the telegraph company, unless where the company had some notice that the contract was made for his benefit. Telegraph Company v. Wood, 57 Fed. 471, 6 C. C. A. 432, 21 L. R. A. 706, and Telegraph Company v. Henderson, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148, supra. But in most of the states it is held that the person to whom a telegram is sent, where it is intended for his benefit or information, has a right of action against the company for negligent delay in its transmission and delivery. Telegraph Co. v. Dubois, 128 Ill. 248, 21 N. E. 4, 15 Am. St. Rep. 109; Harkness v. Telegraph Co., 73 Iowa, 190, 34 N. W. 811, 5 Am. St. Rep. 672;

Elwood v. Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; Telegraph Co. v. Dryburg, 35 Pa. 298, 78 Am. Dec. 338; Aikin v. Telegraph Co., 5 S. C. 358; Markel v. Telegraph Co., 19 Mo. App. 80; Telegraph Co. v. Wilson, 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23; Chapman v. Telegraph Co., 90 Ky. 265, 13 S. W. 880; Young v. Telegraph Co., 107 N. C. 370, 11 S. E. 1044, 9 L. R. A. 669, 22 Am. St. Rep. 883. The reason generally assigned is that a telegraph company is a public agency, and as such is bound to exercise ordinary care in receiving, transmitting, and delivering messages, and is, therefore, responsible to any one injured by its negligence.

The action here is to recover damages for mental anguish because of the negligence of the defendant in failing to deliver the telegram, and it is therefore not an action upon contract, but in tort. The tort which is the gist of the action is the negligence of the defendant in failing to perform a duty imposed upon it by law. Western Union Telegraph Co. v. Dubois, 128 Ill. 248, 21 N. E. 4, 15 Am. St. Rep. 109; Shingleur v. Western Union Telegraph Co., 72 Miss. 1030, 18 South. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604; New York Printing Telegraph Co. v. Dryburg, 35 Pa. 298, 78 Am. Dec. 338; Herron v. Western Union Telegraph Co., 90 Iowa, 129, 57 N. W. 696; Western Union Telegraph Company v. Ford, 77 Ark. 536, 92 S. W. 528. In the case last cited the court said:

"In fact, the right of an addressee to recover damages at all is not based upon contract, as none exists."

And while allowing a recovery in that case, because of the negligence of the defendant in failing to deliver the message, it was put upon the ground that the negligence occurred in the state of Arkansas; but the court expressly declined to decide what the effect would be if the negligence occurred in a state other than the state of Arkansas.

In the case of Western Union Telegraph Company v. Crenshaw, 125 S. W. 420, decided by the Supreme Court of Arkansas February 7, 1910, not yet officially reported, the court said:

"Under our statute there can be no recovery of damages for mental anguish unless there has been negligence 'in receiving, transmitting or delivering the message.' The purpose of our statute was to allow recovery for mental anguish only in such cases."

After expressing the view that no negligence had been established in the case, the court further said:

"But if negligence was shown, then the negligence occurred in Missouri, and no recovery could be had in Missouri for mental anguish alone. The contract itself was not made in this state, nor in a place where there could be a recovery for mental anguish, unaccompanied by physical injury. The negligence, if any, which gave a cause of action under the statute for mental anguish, did not occur in this state, or in any state where damages for mental anguish alone could be recovered. We conclude, therefore, that in no possible view of the case was the appellee entitled to recover."

If the action is one in tort, and we think it is, the plaintiff's right of recovery is governed by the law of the state wherein the act of negligence occurred. It is not charged in the complaint that the negligence of the defendant occurred in Arkansas, and we think the testimony shows that the negligence occurred at St. Louis, in the state of Mis-

souri, and this was evidently the view of the trial judge, for he instructed the jury that:

"When it [referring to the message] reached St. Louis it seems to have been directed to Russellville, Ky.; at least the telegrapher who received it there thought it was intended for Russellville, Ky., and thereupon he sent it to Russellville, Ky., and, of course, found no one there by the name of the addressee."

It is conceded that under the laws of Missouri, where the negligence occurred, there can be no recovery for mental anguish alone, unaccompanied by personal injury or pecuniary loss. This being true, the plaintiff is not entitled to damages by reason of the negligence of the defendant occurring in that state.

The view we have taken of this case renders it unnecessary to discuss the other questions suggested by counsel in their briefs.

The judgment is reversed, with instructions to grant a new trial.