WESTERN UNION TELEGRAPH COMPANY v. L. HEARNE.

No. 6468.

**Telegraph Companies—Damages.**—A telegraph company may stipulate for limitation of its liability for damages caused by error in transmitting an unrepeated message unless it be shown by direct testimony or by the facts and circumstances of the case that the error was caused by the misconduct, fraud, or want of due care on the part of the company, its servants or agents.

ERROR from Callahan. Tried below before Hon. T. H. Conner. The opinion states the case.

*Stemmons & Field,* for plaintiff in error.

No brief on file for defendant in error.

ACKER, PRESIDING JUDGE.—There was a deed of trust against the property of L. Hearne for $25,000, which by its terms became due at the option of the holder upon default in the semi-annual payment of interest thereon for ten days after the maturity thereof. A payment of interest became due on the 1st day of December, 1886, which Hearne was unable to meet in full, and it was agreed that he should have until the 28th day of January, 1887, to pay the balance of $500 or deposit it in bank.

The money was deposited in bank on the 28th day of January, 1887, and the following message was prepared and signed by the cashier and delivered to Hearne, who promptly delivered it to the agent of the telegraph company at Baird to be transmitted and delivered to E. E. Chase, the trustee and agent of the beneficiary of the deed of trust, at Fort Worth:

"January 28, 1887.

"*To E. E. Chase, Fort Worth:*

"Return note left by Hearne.    Draw for $500.

"A. G. WILLS, Cashier."

The message when delivered to Chase at Fort Worth read as follows:

"*To E. E. Chase, Fort Worth:*

"Return note left by Hearne, *order* $500.

"A. G. WILLS, Cashier."

This suit was brought by Hearne to recover damages alleged to have resulted from the error committed in transmitting the message by substituting the word "order" for "draw." There was verdict and judgment for plaintiff for $25,000, from which the defendant prosecutes this writ of error.

There are several important questions raised by the assignments of error, but we will consider only one of them, as it controls the disposition of the case.

By the terms of the contract for the transmission of the message it was expressly stipulated that the defendant company should not be liable for errors in the transmission of unrepeated messages beyond the amount of tolls paid thereon. The message was not repeated. We think it should now be considered settled in this State that this limitation of liability by special contract is valid and binding, and that no recovery can be had for an error committed in transmitting an unrepeated message unless it be "shown by direct testimony, or by the facts and circumstances of the case, that the error was caused by the misconduct, fraud, or want of due care on the part of the company, its servants, or agents." Tel. Co. v. Neill, 57 Texas, 283; Womack v. Tel. Co., 58 Texas, 176; Tel. Co. v. Edsall, 63 Texas, 668; Railway v. Wilson, 69 Texas, 739.

In the Edsall case it is said that in the absence of a special contract limiting liability, proof of the error would make a prima facie case of negligence and put the company under the burden of showing that the error resulted from some excusable cause. The rule here announced will probably be of rare application, as telegraph companies require their patrons to subscribe to a special contract in every instance.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted April 29, 1890.