POSTAL TELEGRAPH-CABLE COMPANY v. SUNSET CONSTRUCTION COMPANY.

No. 1884. Decided December 9, 1908.

**1.—Telegraph—Damages—Notice.**

A telegraph company handling the message from B. to A., "This company shut down. Can do nothing for you," was chargeable with notice, from having handled the message from A. to B., "Will ship outfit Tuesday," that the reply would have prevented such shipment and was liable for the expense incurred by A. in making the shipment which would not have been done but for its negligence in failing to deliver the last message. (Pp. 151, 152.)

**2.—Telegraph—Unrepeated Message—Negligence.**

Making a mistake in the middle initial of the person to whom a message was addressed, whereby it failed of delivery, was such evidence of negligence as to render the telegraph company liable for damages for non-delivery of an unrepeated message. (P. 152.)

**3.—Telegraph—Delivery Limits.**

A message being addressed to one engaged on a construction contract five miles in the country failed of delivery at the bank in town where he did his business, and where he would have received it, and at the telegraph office where he inquired for it, by reason of a mistake in his initials in the transmission. Held that the company was not excused for non-delivery by the fact that the address was beyond free delivery limits. (Pp. 152, 153.)

**4.—Telegraph—Damages.**

Where a telegraph company was liable for the expense of shipping a construction outfit which its diligence in transmitting a message would have prevented, the damages recoverable would include the transportation, inspection, and feeding of mules constituting part of such outfit; but profits which the owner would have made out of a contract for work which he could not undertake because of having shipped his outfit elsewhere, not being within the contemplation of the parties, were not recoverable. (P. 153.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The Construction Co. sued the Telegraph-Cable Co. and recovered judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*A. P. Wozencraft,* for plaintiff in error.—The trial court erred in refusing to give appellant's special charges 1, 3, and 4, which were requested for the purpose of inducing the trial court to charge the jury that the damages demanded by the plaintiff were not recoverable because same were not in the contemplation of the parties in making the contract for the transmission and delivery of the telegram from Barrow to Woods. Soell v. Hadden, 85 Texas, 187; Ward v. Western U. Tel. Co., 51 S. W., 261; Spraigins v. White, 13 S. E., 171; Branden v. Mfg. Co., 51 Texas, 129; Western U. Tel. Co. v. True, 101 Texas, 236; Western U. Tel. Co. v.

Kuykendall (Sup. Ct. Texas), 99 Texas, 323; Elliott v. Western U. Tel. Co., 75 Texas, 18; Daniel v. Western U. Tel. Co., 61 Texas, 455; Gotcher v. Telegraph Co., 93 Texas, 118; Western U. Tel. Co. v. Smith, 76 Texas, 254; McAllen v. Western U. Tel. Co., 70 Texas, 243; Telegraph Co. v. Kirkpatrick, 76 Texas, 217; Western U. Tel. Co. v. Styles, 89 Texas, 315; Telegraph Co. v. Carter, 85 Texas, 580; Telegraph Co. v. Luck, 91 Texas, 179; Western U. Tel. Co. v. Linn, 87 Texas, 7; Primrose v. Telegraph Co., 154 U. S., 1; Western U. Tel. Co. v. Hall, 124 U. S., 444; Kirby v. Estill, 75 Texas, 484; Telegraph Co. v. Andrews, 78 Texas, 307.

The defense of unrepeated message was pleaded, and defendant had denied that the error in the transmission of the message was the fault of the defendant or its servants; upon such plea the burden of proof was shifted to the plaintiff to show that the error in transmission was because of a want of due care on the part of defendant or its servants. Western U. Tel. Co. v. Elliott, 7 Texas Civ. App., 482; Western U. Tel. Co. v. Hearne, 77 Texas, 84; Western U. Tel. Co. v. Neal, 57 Texas, 282; Western U. Tel. Co. v. Womack, 58 Texas, 176; Western U. Tel. Co. v. Edsall, 63 Texas, 668; Western U. Tel. Co. v. Wilson, 69 Texas, 739; Western U. Tel. Co. v. Hines, 22 Texas Civ. App., 315; Western U. Tel. Co. v. Elliott, 7 Texas Civ. App., 482; Western U. Tel. Co. v. Odom, 21 Texas Civ. App., 537; Western U. Tel. Co. v. Reeves, 8 Texas Civ. App., 37; Primrose v. Western U. Tel. Co., 154 U. S., 1.

It is urged that appellant exercised due care to deliver the telegram in San Antonio, the only address given or known or ascertainable; that same could not with due care have been delivered in San Antonio; and that under appellant's contract by it plead it could not be required to deliver the telegram beyond the city of San Antonio, seven miles in the country, where Woods lived; that under appellant's contract it was not required to mail or forward the telegram to Woods, even had it known his address; that the jury ignored the court's charge in this regard, for which reason a new trial should have been granted by the trial court. Clarendon & Co. v. McClelland Bros., 86 Texas, 178; Western U. Tel. Co. v. Bryant, 35 Texas Civ. App., 442; Western U. Tel. Co. v. Hendricks, 29 Texas Civ. App., 413; Western U. Tel. Co. v. Carter, 24 Texas Civ. App., 80; Western U. Tel. Co. v. Swearingen, 95 Texas, 420.

Plaintiff's petition charges defendant with no other notice, of the damages sued for than such as was afforded by the two telegrams; that is, the telegram from Woods to Barrow, and the telegram from Barrow to Woods. These telegrams neither jointly nor severally charge defendant with notice that appellee, because of the non-delivery of the telegram to Woods, might or would sustain the damages sued for, and all such damages are remote and speculative. Remoteness of damages is a question for the court. Brandon's case, 51 Texas, 129. The interpretation of the telegram is a question for the court. Ward v. Tel. Co., 51 S. W., 261. When the telegram is the only notice, then the question of notice is a question for the court. Ward v. Tel. Co., 51 S. W., 261. The damages of which he who breaks the contract must take notice are those which result

naturally, usually and probably. Western U. Tel. Co. v. Kuykendall, 99 Texas, 323; Daniel v. Western U. Tel. Co., 61 Texas, 453; Elliott v. Western U. Tel. Co., 75 Texas, 18; Western U. Tel. Co. v. Smith, 76 Texas, 254; McAllen v. Western U. Tel. Co., 70 Texas, 243; Gotcher v. Telephone Co., 93 Texas, 117; Telegraph Co. v. Kirkpatrick, 76 Texas, 217; Western U. Tel. Co. v. Stiles, 89 Texas, 315; Telegraph Co. v. Carter, 85 Texas, 580; Telegraph Co. v. Luck, 91 Texas, 179; Western U. Tel. Co. v. Linn, 87 Texas, 7; Primrose v. Western U. Tel. Co., 154 U. S., 1; Western U. Tel. Co. v. Hall, 124 U. S., 444.

Profits such as plaintiff would have realized from an undertaking, with a third party, independent of the principal contract, are too uncertain and remote to be taken into consideration as part of the damages occasioned by breach of the contract in suit, and evidence offered to prove such damages should be excluded. O'Connor & Co. v. Smith, 84 Texas, 237; Alamo Mills Co. v. Iron Works, 1 Texas Civ. App., 691; Fowler v. Shook, 59 S. W., 282; Western U. Tel. Co. v. Thomas, 7 Texas Civ. App., 105; Western U. Tel. Co. v. Kemp, 28 S. W., 905; Western U. Tel. Co. v. Twaddell, 18 Texas Ct. Rep., 986; Reliance Lumber Co. v. Tel. Co., 58 Texas, 395; Express Co. v. Darnell Bros., 62 Texas, 640; Daniels v. Western U. Tel. Co., 61 Texas, 453; Telegraph Co. v. Hall, 124 U. S., 444.

*Coon & Adams,* for defendant in error.—Appellant was sufficiently advised by the telegram that it was of importance to Woods and his associates, and was intended for their benefit. Telegraph Co. v. Brown, 58 Texas, 173; Telegraph Co. v. Edmundson, 91 Texas, 206; Postal Telegraph Co. v. Levy, 102 S. W., 134; Telegraph Co. v. Carter, 85 Texas, 580; Loper v. Telegraph Co., 70 Texas, 69; Telegraph Co. v. Stiles, 89 Texas, 312; Telegraph Co. v. Grimes, 82 Texas, 89; Telegraph Co. v. Adams, 75 Texas, 532; Texas & W. Telegraph Co. v. MacKenzie, 36 Texas Civ. App., 178; 3 Sutherland on Damages, secs. 957-982.

Plaintiff proved the error in transmission and raised a presumption of negligence, thereby making a prima facie case, and the burden rested upon the defendant to show excusable cause. Gulf, etc., Ry. v. Wilson, 69 Texas, 742; Telegraph Co. v. Linn, 87 Texas, 11; Telegraph Co. v. Broesche, 72 Texas, 658; Telegraph Co. v. Nagle, 11 Texas Civ. App., 541; Western U. Tel. Co. v. Norris, 25 Texas Civ. App., 43; Telegraph Co. v. Odom, 21 Texas Civ. App., 541; Western U. Tel. Co. v. Ragland, 61 S. W., 421; Telegraph Co. v. Lyman, 3 Texas Civ. App., 463; Telegraph Co. v. Harper, 15 Texas Civ. App., 38; Telegraph Co. v. Edsall, 63 Texas, 677; Telegraph Co. v. Brown, 97 Texas, 621: Postal Telegraph Co. v. Levy, 102 S. W., 135.

The court properly overruled defendant's motion for a new trial, as under all the evidence defendant was guilty of negligence. Telegraph Co. v. Bowen, 76 S. W., 613; Telegraph Co. v. Edsall, 63 Texas, 674; Telegraph Co. v. Lyman, 3 Texas Civ. App., 463; Telegraph Co. v. De Jarles, 8 Texas Civ. App., 111; Reed v. Western U. Tel. Co., 31 Texas Civ. App., 116; Gulf, etc., Ry. v. Wilson,

69 Texas, 742; Telephone Co. v. Broesche, 72 Texas, 658; Western U. Tel. Co. v. Levy, 102 S. W., 135; Telegraph Co. v. Boots, 10 Texas Civ. App., 542.

The damages sued for by plaintiff were not remote, speculative nor contingent, and defendant had notice by the filing of the two telegrams, or could have discovered by the use of ordinary care and the slightest inquiry that the nondelivery of the telegram from Barrow to Woods would proximately and directly cause the damages to plaintiff. Texas & W. Tel. Co. v. McKenzie, 36 Texas Civ. App., 178; Telegraph Co. v. Adams, 75 Texas, 532; Western U. Tel. Co. v. Birge-Forbes, 29 Texas Civ. App., 526; Postal Tel. Co. v. Levy, 102 S. W., 135.

Woods could testify as to the amount he lost by way of profits for the work upon which he was engaged for J. P. Nelson, as the net earnings of his outfit of men, mules, etc., was the proper measure of plaintiff's damages, and such damages were not remote nor speculative. Telegraph Co. v. Lyman, 3 Texas Civ. App., 463; Gulf, etc., Railway v. Wilson, 69 Texas, 742; Western U. Tel. Co. v. Broesche, 72 Texas, 658; Telegraph Co. v. Adams, 75 Texas, 535; Mitchell v. Telegraph Co., 12 Texas Civ. App., 278.

Mr. Chief Justice Gaines delivered the opinion of the court.

J. K. Woods was the general manager of the Sunset Construction Company, a corporation, and J. E. Barrow was the duly authorized agent of another company engaged in developing the oil fields at Batson, Hardin County, Texas. Woods, it seems, had an arrangement with Barrow, at his option, to work with him with his outfit of men, mules and scrapers at the latter place, and expected to ship his outfit from San Antonio to Batson about March 1, 1904. On the 7th of March, 1904, Woods sent the following telegram to Barrow: "San Antonio, Texas, March 7, '04. To J. E. Barrow, Batson, Texas. Will ship outfit Tuesday. J. K. Woods." On the 8th of March, answering the above, Barrow transmitted the following telegram: "Batson, Texas, 3-8-'04. To J. K. Woods, San Antonio, Texas. This company shut down; can not do anything for you. J. E. Barrow." It was required in order to send the telegram between San Antonio and Batson that the line of the Western Union be used from San Antonio to Sour Lake, and from Sour Lake to Batson the line of the defendant, the Postal Telegraph Company. The telegram was received at San Antonio in due course of transmission, but the operator receiving it wrote the address, "J. W. Woods" instead of "J. K. Woods," and, on account of this mistake in the initials, the telegram was not delivered.

It is first claimed that the judgment is erroneous by reason of the fact that the defendant had no notice of the circumstance that the plaintiff company would be damaged by failure to deliver the message. As will be seen hereafter, we are of opinion that this assignment is in part good, but as to the expenses of shipping the outfit, etc., we think it not well taken. The two telegrams taken together, both of which passed through the hands of the defendant's agents, are sufficient to apprise it of the fact that there was an outfit

about to be shipped and that the latter telegram was a countermand of the order for shipping. It seems, therefore, to us that the defendant should have known that if the latter telegram was not delivered the plaintiff might ship the outfit and as a consequence thereof would be damaged by incurring the unnecessary expense.

In the second assignment it is complained that the court erred in construing the first and second telegrams for the jury. A sufficient answer to this is, that if there was any error in this, it was harmless, for the reason that the jury under the instructions given, in our opinion, correctly construed them.

It is also complained that the court erred in not instructing a verdict for the defendant because the message was not repeated. Upon the back of the blank upon which the message was written was this stipulation: "To guard against mistakes or delays, the sender of a message should order it *repeated;* that is, telegraphed back to the originating office for comparison. For this, one-half the regular rate is charged in addition. It is agreed between the sender of the message written on the face hereof and the Postal Telegraph-Cable Company of Texas, that said Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any *unrepeated* message beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for nondelivery, of any *repeated* message beyond fifty times the sum received for sending the same, unless specially insured, nor in any case for delays arising from unavoidable interruption in the working of its lines, or for errors in cipher or obscure messages." In charging upon this subject the court gave the following instruction: "And in this connection the jury are further charged that in determining whether or not the error in transmission is such an error as would warrant the jury in finding a verdict for plaintiff in any sum, the jury is charged that the burden of proof is upon the plaintiff to show by direct testimony or by facts and circumstances of the case that the error was caused by the misconduct, fraud or want of due care on the part of the defendant company, its servants or agents, and unless the plaintiff has made this proof, then the jury must find for the defendant." This is substantially a copy of the rule laid down in Western Union Telegraph Company v. Hearne, 77 Texas, 84, and we think was not erroneous. It is difficult to say that if the message had been repeated the mistake would not have been discovered, but it seems to us that it was ordinary if not gross negligence for the receiving agent of the Western Union Company to have made the mistake in the middle letter of the name of the addressee, therefore, it would seem under the rule announced in the case just cited that the company would be responsible notwithstanding the message was not repeated.

It appears from the testimony that Woods was camped in the country five or six miles from San Antonio, which is outside of its delivery limits and defendant claims for that reason it is not liable for not delivering the telegram. The telegram was sent on the 8th and was received at San Antonio on the morning of that day, and Woods testified that he called at the Western Union office, where

the telegram was received, on the 8th and 9th of said month and inquired for a message, but none was delivered to him. It appears also that the message was carried to Woods National Bank, where J. K. Woods had relatives and where he did his business, and was delivered there. They did not know anything of J. W. Woods, but it is evident that if J. K. Woods had been named as addressee of the message they could have arranged to have delivered it to him or advised him of its receipt. Under these circumstances we think that the message might have been delivered within the delivery limits of San Antonio and it was negligence in the company not to do so.

During the progress of the trial, as plaintiff attempted to prove its damages, each item of damage was objected to, but we think the objection is not well taken as to the cost of the transportation of the mules, for inspection and the expense of feeding the mules at the time they were unemployed, but plaintiff also attempted to show that the company had a contract with J. P. Nelson for employment on the Bexar County public roads until October, and but for the fact that the outfit was shipped to Batson to work for Barrow that it would have gone ahead with its contract and would have made a certain net profit. This was also objected to upon the ground that the telegraph company had no notice of any such agreement for employment and was therefore not responsible. We think the objection was well taken. There is nothing in the case to show that plaintiff knew of the relation of the parties and of their business except the two telegrams. Of course they were not calculated to convey information to anyone that the Construction Company had any arrangements for work with any other person whatever. If only such damage was likely to ensue to the plaintiff the defendant would not be liable because it could not have been contemplated by the parties to the contract. (Hadley v. Baxendale, 9 Exch., 341.) For error in admitting this evidence the judgment must be reversed and the cause remanded.

*Reversed and remanded.*