Western Union Telegraph Company v. J. P. Robertson et al.

Decided March 2, 1910.

**1.—Telegram—Notice of Damage—Error in Transmission.**

The following message was delivered to a telegraph company for transmission: "Can get option for one twenty-five per acre for forty days putting up five hundred dollars. What must I do? Answer immediately." As delivered to sendee it read: "Can get option for seventy-five per acre," etc. To this message the sendee replied instructing the sender to close the contract. Held, the message as delivered to the telegraph company was sufficient to charge them with notice that. it related to a business transaction which involved putting up $500 which might be lost by error in its transmission, and hence it could not be said that such consequence was not within the reasonable contemplation of the parties at the time the message was accepted for transmission. The fact that the parties bought the land outright instead of taking an option, was not a matter which could avail the defendants.

**2.—Same—Contract for Repeating—Limiting Liability.**

While a telegraph company may limit its liability for an unrepeated message, the limitation can not be extended so as to relieve it from the consequences of its negligence.

**3.—Variance—Objection to Evidence—Practice.**

Objection to evidence on the ground of variance should be made when the evidence is offered; the question of variance can not be raised by an instruction to the jury.

**4.—Telegram—Mistake in Transmission—Imputed Knowledge.**

When a telegram is sent by one partner to another and in the transmission a mistake is made which results in injury to the partnership, the knowledge of the sending partner as to the correct reading of the telegram can not be imputed to the receiving partner or the partnership.

Appeal from County Court of El Paso County. Tried below before Hon. Albert S. Eylar.

*George H. Fearons* and *Beall & Kemp,* for appellant.—The suit was based upon a telegram sent by Robertson to his associates that' he could get an option for one twenty-five per acre for forty days, putting up five hundred dollars; and it was not within the reasonable contemplation of the parties to the contract that an option could be purchased for a less sum, thereby causing damage to the plaintiffs, and therefore appellant's exception should have been sustained. McAllen v. Western U. Tel. Co., 70 Texas, 243; Western U. Tel. Co. v. Hall, 124 U. S., 444; Western U. Tel. Co. v. Fellner, 58 Ark., 29; Hibbard v. Western U. Tel. Co., 33 Wis., 558; Squire v. Western U. Tel. Co., 98 Mass., 232; Stansell v. Western U. Tel. Co., 107 Fed., 668.

The court erred in paragraph five of its charge to the jury. Western U. Tel. Co. v. Hearne, 77 Texas, 83; Womack v. Western U. Tel. Co., 58 Texas, 176; Western U. Tel. Co. v. Edsall, 63 Texas, 668.

The charge was erroneous in this: that the telegram sued upon informed the defendant company in express terms that Robertson, the sender of said telegram, could get an option of $1.25 per acre for forty days, and that by the answer of Connell & Jowell, to whom it was addressed, the said Robertson was authorized to close the trade,

while the undisputed evidence shows that Robertson did not get an option on said land at all for forty days, but purchased the land, making a cash payment thereon of $500, with the balance payable in installments, and the said charge was not supported by the pleadings or evidence. Dolores Land & Cattle Co. v. Jones, 3 Texas App. Civ., 329; St. Louis, I. M. & S. Ry. Co. v. Edwards, 3 Texas App. Civ., 410; Moore v. Kennedy, 81 Texas, 144; Riverside Lumber Co. v. Lee, 7 Texas Civ. App., 522.

Said charge was erroneous because defendants had no notice of the purchase of said land and could not be affected by the terms of said sale, nor be liable for the special damages arising from the breach thereof. Western U. Tel. Co. v. Lively, 15 S. W., 197; Primrose v. Western U. Tel. Co., 154 U. S., 1; Hadley v. Baxendale, 9 Exch. (Eng.), 341; Western U. Tel. Co. v. Watson, 94 Ga., 202.

The court erred in refusing defendant's first special charge to the jury wherein they were instructed "to return a verdict in favor of the defendant, because the undisputed evidence shows that the suit was based upon a telegram which evidences a contract to be made for the purchase of an option on land for $1.25 per acre, while the written contract offered in evidence by the plaintiff evidences a contract made for the purchase of the land, and there is a fatal variance between the contract sued upon and the contract proved to have been made by the plaintiff, the terms and conditions of which were not made known to the defendant company." Dolores Land & Cattle Co. v. Jones, 3 Texas App. Civ., 329; Riverside Lumber Co. v. Lee, 7 Texas Civ. App., 522.

*Leigh Clark, Harris Walthall* and *Nagle & Scott,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees, J. P. Robertson, W. D. Connell and Spencer Jowell, as partners, against the Western Union Telegraph Company, to recover damages incurred by reason of the negligence of the company in failing to correctly transmit this telegram:

"April 23, 1907.

"Connell & Jowell, Midland, Tex.

"Can get option for one twenty-five per acre for forty days, putting up five hundred dollars. What must I do? Answer immediately.          "J. P. Robertson."

The plaintiffs' petition alleges that on the day the message was delivered to the company for transmission the plaintiffs were acting together in purchasing and acquiring certain lands in the Republic of Mexico, known as the Von Roeder lands, in the District of Galeana, State of Chihuahua, which comprise an area of about 43,380 acres; that plaintiffs were desirous of purchasing and acquiring said lands and of disposing of them to other parties at a profit, and that Connell and Jowell were then negotiating with parties at Midland, Texas, and elsewhere, for the resale of said lands.

That on said day one of plaintiffs, J. P. Robertson, acting for himself and his coplaintiffs, procured from L. E. Booker, the owner, or

agent of the owner, of said lands, a proposition for the sale of the lands, which was substantially as follows: That said land would be sold to plaintiffs for the sum of $1.25 per acre, $500 to be paid in cash to Booker on acceptance of the offer by plaintiffs as a part of the purchase price of the lands, and the balance of the purchase price to be paid at times agreed upon under the terms of sale.

That Robertson, desiring to advise his coplaintiffs of the proposition and procure their approval or disapproval of it, delivered in El Paso, Texas, to defendant, the telegram above recited to be transmitted and delivered to them at Midland, Texas, meaning and intending thereby to inform them that the land could be obtained, or an option thereon for forty days, at the price of $1.25 per acre, by putting up $500, and that its meaning would have been so understood by Connell & Jowell.

That said message was on the day of its date received by defendant at El Paso, Texas, for transmission over its wires to Midland, Texas, and to be delivered there to Connell & Jowell, the defendant having been paid by plaintiffs the sum of fifty cents, the usual charge, for its transmission and delivery; that defendant negligently failed to transmit and deliver the telegram at it was written, but carelessly changed its wording, and delivered, instead, to Connell & Jowell the following message:

"El Paso, Texas, 4/23/1907.

"To Connell & Jowell, Midland, Texas.

"Can get option for seventy-five per acre for forty days, putting up five hundred dollars. What must I do? Answer immediately.

"J. P. Robertson."

That the message, as so delivered, caused Connell & Jowell to believe that their associate, Robertson, was procuring the land at seventy-five cents per acre, and, acting under such belief, they wired him to close the contract as per his wire; that acting under such advice of Connell & Jowell, J. P. Robertson, acting for himself and his coplaintiffs, then contracted with the owner of the land for the purchase of the land upon the terms above stated, and on April 24, 1907, he paid Booker for himself and his coplaintiffs the sum of $500 cash to be applied on the purchase price of the lands on the terms stated, and contracted and agreed to pay the balance of the purchase money at times and on terms agreed upon with Booker; and that when Connell & Jowell directed Robertson to close the deal for said lands they were not advised of the fact that the purchase price was $1.25 per acre, and were not so advised until several days afterwards.

That if the telegram had been correctly transmitted without change or omission Connell & Jowell would not have advised nor authorized Robertson to close the contract of purchase at $1.25 per acre, nor would such contract have been made, nor the $500 paid thereon or any part thereof.

The petition then alleges that after Connell & Jowell sent their telegram to Robertson authorizing him to close the trade, and before they were aware of the change in the wording of the original message,

Connell, at an expense to plaintiffs of $50, went to El Paso to see the land, and that thereafter he and Robertson, at an expense of $150, went from El Paso to classify and ascertain its value, etc.; that such expenditures might have been reasonably contemplated by defendant.

The petition closes with a prayer for $500, for the fifty cents paid for sending the message, and for the expenses incurred as alleged above.

The defendant interposed a general demurrer to plaintiffs' petition, and specially excepted thereto upon the ground that the $500 paid out and the expenses incurred by plaintiffs in going to El Paso and in inspecting the lands, were too remote to constitute a basis for damages. It then answered by a general denial, and plea of contributory negligence, and pleaded specially that, according to the terms of the contract, it was not liable for mistakes or delays in the transmission or delivery of the message beyond the amount received in sending the same.

The general demurrer was overruled, the special exceptions were sustained in so far as they pertained to the expenses alleged to have been incurred by plaintiffs in one of them going from Midland to El Paso and in viewing the land, but in so far as they related to the $500 paid on the land and the 50 cents paid for sending the message, such exceptions were overruled. The case was then tried by a jury, and the trial resulted in a verdict and judgment in favor of plaintiffs for $500.50, from which judgment this appeal is prosecuted.

*Conclusions of fact.*—The evidence is reasonably sufficient to warrant the jury in finding: (1) That the defendant received the message first copied in this opinion, and that, through its negligence, it was transmitted and delivered to Connell & Jowell as alleged by plaintiffs and as is herein set out. (2) That defendant received from plaintiff 50 cents for transmitting and delivering the message. (3) That the message, when delivered to defendant for transmission, was so worded as to put an ordinarily prudent person, engaged in the business of transmitting and delivering telegraphic messages for hire, upon notice that pecuniary loss might probably ensue to the sender or sendees, or both, if not transmitted and delivered as it was written when received. (4) That the mistake made in the telegram, through the negligence of the defendant, induced Connell & Jowell to authorize Robertson to enter into a contract with the owner or his agent to purchase the lands mentioned in plaintiffs' petition, and to pay out $500 in pursuance of such contract. (5) That a person of ordinary prudence, under the same or similar circumstances, would have paid out the money as was done by Robertson, and that he was not negligent in doing so. (6) That, as the direct and proximate cause of defendant's negligence, the $500 was lost to plaintiffs. (7) That the plaintiffs used ordinary diligence to avoid such loss as soon as they could reasonably anticipate that it might probably occur. (8) That by reason of defendant's negligence the plaintiffs have been damaged in the amount found by the jury.

*Conclusions of law.*—1. The first assignment of error complains of the court's overruling defendant's special exception to plaintiffs' peti-

tion, wherein the sum of $500 is claimed as damages, on the ground that such damages are too uncertain, speculative and remote, and not such as were within the reasonable contemplation of the parties. As is said in Western U. Tel Co. v. Houston Rice Mill Co., 93 S. W., 1085: "Our decisions, and those generally prevailing elsewhere, are to the effect that, while it is not essential that the company should have explicit information of the character of the telegram and the consequences involved in its failure to perform its duty, still it must be apprised in some way, either from the wording of the telegram or from information imparted to it by the sender, or from circumstances, that its failure to transmit or deliver it with dispatch will probably occasion some injury or loss. It is sufficient, however, if the message indicates or suggests that it has reference to a matter from which such a consequence may result from its nondelivery." Western U. Tel. Co. v. Turner, 94 Texas, 309; Texas & W. Tel. Co. v. Mackenzie, 36 Texas Civ. App., 178 (81 S. W., 582); Postal Tel. Co. v. Levy, 102 S. W., 134. It seems to us that the telegram upon its face clearly indicates that it has reference to a business matter from which some injury or loss will probably ensue if it is not transmitted and delivered as written by the sender. It disclosed the fact that Robertson wanted advice from his coplaintiffs as to what he should do in regard to a matter of business which involved putting up $500. And, as the evidence shows that he would not have received the advice he did if the message had been sent as written, nor have put up the money without such advice, the defendant should be held responsible for its loss, which the jury found was the direct result of defendant's negligence in not properly sending the message. As an option of the nature of the one indicated by the telegram has reference to a sale, and may culminate in a sale at any time after it is given, it was no affair of the defendant that a contract of sale, instead of an option for forty days, was entered into, for in either event the $500 had to be put up by the plaintiffs and would have been lost to them through defendant's negligence.

2. The second assignment of error complains of the fifth paragraph of the charge, which is as follows: "You are further instructed that if the mistake made in the transmission or delivery of the message from Robertson to Connell & Jowell on April 23, 1907, was caused or brought about on account of or by reason of negligence on the part of the defendant or its agent or servants, if it so was, then conditions and stipulations as to unrepeated messages pleaded by defendant can not avail it anything in this action."

The charge presents a correct principle of law applicable to the case. While a telegraph company may limit its liability for an unrepeated message, the limitation can not be extended so as to relieve it from the consequences of its negligence, for when the plaintiff has proved negligence on the part of the telegraph company in transmitting the telegram, and that damages were proximately caused by such negligence, such a stipulation in regard to repeating the message as was pleaded by defendant in this case amounts to nothing; or, in other words, the contract is as though it contained no such stipulation. Western U. Tel. Co. v. Linn, 87 Texas, 7; Western U. Tel. Co. v.

Norris, 25 Texas Civ. App., 43 (60 S. W., 982); Mitchell v. Western U. Tel. Co., 12 Texas Civ. App., 262 (33 S. W., 1016); Postal Tel. Co. v. Sunset Const. Co., 102 Texas, 148. We can perceive no force in the proposition "that the paragraph referred to is erroneous because it prevented the jury from considering the mistake in the transmission of the message in connection with and as bearing upon contributory negligence of the plaintiffs." The other proposition can not be evolved from and is not germane to the assignment, and will not be considered.

3. This part of the charge is complained of by the third assignment of error: "Now if you believe from a preponderance of the evidence that Robertson delivered the message first set out in this charge to the defendant and paid it the sum of fifty cents to transmit the same, and the defendant accepted the same and delivered it through its agents to the sendee so that it read 'twenty-five or seventy-five,' and did not read 'one twenty-five,' as it read when delivered to defendant; and if you further believe that said message as delivered to defendant by Robertson was so worded as to put an ordinary prudent person on notice that pecuniary loss would probably result if not delivered by it as it was when it received same; and if you further believe that such change or omission on the part of defendant, if any, was negligence, and proximately caused the damage complained of, and you further believe that said mistake in the telegram induced Connell & Jowell to authorize Robertson to enter into an option to purchase land, or to enter into a contract to buy land, and (in either event) put up five hundred dollars to carry out such purpose; and that an ordinary prudent person under the same or similar circumstances would have put up said five hundred dollars; and that as a result the five hundred dollars was put up and lost to plaintiffs; and that upon discovering said loss had occurred, or would probably occur, plaintiffs used such diligence to avoid said loss, if any, as had occurred or as might occur, as would have been used by men of ordinary prudence under the same or similar circumstances, then you will render your verdict for plaintiffs for the sum of five hundred dollars, with interest thereon from April 29, 1907, at six percent per annum to this date, unless you believe that the negligence of plaintiffs or any of them proximately caused or contributed to the damage."

The contention of appellant under the assignment is that the charge is erroneous in that the telegram informed the company that Robertson could get an option on the land at $1.25 per acre for forty days, and that by the answer of Connell & Jowell he was authorized to close the trade, and that as the undisputed evidence shows that Robertson did not get an option on the land for forty days, but purchased the same, paying a cash consideration of $500, with balance payable in installments, the charge is not supported by the pleadings and evidence.

As before intimated, it was a matter of no moment to defendant whether an option on the land was obtained by plaintiffs or a purchase was effected by them, inasmuch as the telegram informed them that a business transaction in the nature of an option to purchase land at a certain price was pending, in which $500 was required to

be put up by plaintiffs; for the company, if it could have reasonably contemplated the $500 would be put up and lost by plaintiffs in consequence of its mistake in transmitting the telegram, should be held liable for such consequences. When one has an option to purchase land on certain terms within a given time, he may exercise his option to purchase just as soon as such option is obtained. In other words, he can elect at once to close the transaction by making the purchase without clothing the transaction in the garb of an option; and the party through whose mistake he has been induced to do so, when the loss occasioned thereby must have been the same from taking an option, can not be heard to say: "I am relieved of any liability for my mistake because you purchased outright instead of taking an option to purchase within a given time upon the same terms." In either event the consequences would have been the same, which could have been readily contemplated by the defendant when it received the telegram for transmission. This also disposes of appellant's fifth, seventh and ninth assignments.

4. Under the fourth assignment of error, which complains of the court's refusing to give, at defendant's request, a peremptory instruction to the jury to return a verdict for defendant, is asserted this proposition: "There is a fatal variance between the contract sued upon and the contract claimed to have been made by the plaintiffs, and the charge should have been given to the jury." We will dispose of this assignment by making a quotation from Galveston, H. & S. A. Ry. Co. v. Grant, 58 Texas Civ. App., 181 (124 S. W., 147), which is as follows: "The conformation of 'plaintiff's proof to the allegations in his petition' should be enforced at that stage of the trial when the evidence is being introduced; and if evidence is offered which does not conform to such allegations, then is the time the defendant should object to its introduction and reserve a bill of exceptions to the action of the court in admitting it over such objection; for, when evidence is admitted without objection, the question of variance can not be raised upon an instruction to the jury. International Harv. Co. v. Campbell, 43 Texas Civ. App., 421 (96 S. W., 99); Moffatt v. Sydnor, 13 Texas, 628; Huston v. Clute, 19 Texas, 178; Mangum v. The Bullion B. & C. Min. Co., 15 Utah, 634, 50 Pac., 836; 14 Ency. Pl. and Prac., 346:"

This also disposes of the eleventh assignment of error.

5. The sixth assignment of error complains of the court's refusing to give, at defendant's request, this charge: "You are instructed that the plaintiffs were copartners in the transaction out of which this suit originates, and the knowledge of the plaintiff Robertson of the price to be paid for the said land, $1.25 per acre, affected with notice his copartners, Connell & Jowell, and in that event plaintiffs would not be entitled to recover." It would be extending the doctrine that knowledge of one partner of a fact is notice to all the members of the firm of such fact, to an unwarrantable length, to hold that when a partner, to whom a business proposition has been made, writes a message embodying the terms of the proposition to the other members of his firm and delivers it to a telegraph company for transmission, and asks them what he must do in regard to the matter, and the

company, through mistake in its transmission, delivers to his co-partners a message containing essentially a different proposition, the members to whom the message is directed are charged with notice of the proposition because the member of the firm who sought to impart it to them by wire had knowledge of its terms. The requested charge, when considered in connection with the facts, is self-refutatory.

6. Our conclusions of fact dispose of the twelfth assignment of error, which complains that the verdict is contrary to and not supported by the evidence in finding that plaintiffs were not guilty of contributory negligence, adversely to defendant.

There is no error in the judgment and it is affirmed.

*Affirmed.*