WESTERN UNION TELEGRAPH CO. v. FERGUSON BROS. (No. 6169.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 19, 1919.)

1. TELEGRAPHS AND TELEPHONES ⬤➡54(5)— ERROR IN TRANSMISSION—UNREPEATED MESSAGE—VALIDITY OF STIPULATION.

Stipulation limiting telegraph company's liability for error in unrepeated message does not exempt the company from liability, where error in transmission was due to company's negligence, but merely requires proof by sender that company was negligent.

2. TELEGRAPHS AND TELEPHONES ⬤➡66(4)— ERROR IN TRANSMISSION—NEGLIGENCE— EVIDENCE.

Transmission of message so that the word "here" read "there" was not evidence in itself sufficient to justify finding that telegraph company was negligent in transmission of message.

3. TELEGRAPHS AND TELEPHONES ⬤➡66(1)— ERROR IN TRANSMISSION—NEGLIGENCE.

Though error in transmission of message may be so gross as to be prima facie evidence of negligence, the mere fact that there may have been an error in the message as received is not of itself sufficient proof of negligence, and the burden is on plaintiff, in such cases, to show negligence.

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by Ferguson Bros. against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment rendered.

C. A. Goeth, of San Antonio, for appellant. Ryan & Matlock, of San Antonio, for appellees.

FLY, C. J. Appellees sued to recover damages in the sum of $178.54 from appellant in the justice's court, and, a judgment being rendered for them therein, an appeal was taken by appellant to the county court, where a like judgment was rendered for appellees.

The suit is based on the failure to deliver the following telegram sent by appellees to E. E. George & Co., of Memphis, Tenn.:

"Subject unsold offer car number one yellows dollar forty here. Answer quick."

That cryptic message seems to have been intended to convey the information to E. E. George & Co. that appellees would sell them a carload of yellow onions at $1.40 a crate in Pearsall, Tex. When the message was delivered, the word "there" had been substituted for the word "here," and it was accepted by the purchasers as it read when they received it. The change caused the necessity of appellees' paying the freight on the onions, from Pearsall to Memphis, if they wanted George & Co. to take the onions, which amounted to $178.54. One of the conditions on the back of the telegram was:

"The company shall not be liable for mistakes or delays in the transmission or delivery, or for the nondelivery of any unrepeated telegram, beyond the amount received for sending the same."

Appellees knew of this condition of the contract when they sent the telegram, and the message was accepted and transmitted by appellant subject thereto.

The only question in this case is: Was the condition just, reasonable, and binding on appellees under the facts of the case? In the

case of Western Union Telegraph Co. v. Neill, 57 Tex. 283, 44 Am. Rep. 589, which seems to have been the pioneer Texas case on the subject, after discussing the status of telegraph companies, it was held:

"In accordance with these principles, and which have been often recognized by the legislative departments also, it may now be considered as settled law that telegraph companies can, by express contract, or by proper rules and regulations, contained in printed notices or otherwise, and brought to the knowledge of those with whom they deal under such circumstances as to create an implied contract, limit their liability for delays and errors in transmitting and delivering messages, except when caused by the misconduct, fraud, or want of due care on the part of the company, its servants or agents. In cases of this character, that exemption from liability cannot be claimed for such misconduct, fraud, or want of due care, is a cardinal doctrine of the common law, which has become deeply rooted into our own jurisprudence, and the wisdom of which has received the sanction of ages."

That case has been cited a number of times and never questioned. Womack v. Tel. Co., 58 Tex. 176, 44 Am. Rep. 614; Railway v. Wilson, 69 Tex. 739, 7 S. W. 653; W. U. Tel. Co. v. Hearne, 77 Tex. 83, 13 S. W. 970.

[1] In the case of Postal Tel. Co. v. Sunset Const. Co., 102 Tex. 148, 114 S. W. 98, the court adhered to the ruling in the Neill Case, but held that, while the burden was on the plaintiff to show negligence, the error in the transmission of the message in that case was sufficient to prove negligence. The effect of all the cases is to clothe the condition in the telegram, as to repeating, with such force as to require proof of negligence in the transmission, and it is not laid down as the rule in the case last cited that an error in transmission is always proof of negligence, for that would destroy the rule enunciated, that the condition as to repeating is reasonable and binding on the sender. The error in transmission may be so patent and apparent as to be proof of negligence in itself, and that is what was held by the Supreme Court.

The rule governing in this case is thus forcibly stated, in his clear and logical way, by Associate Justice Neill, for this court, in W. U. Tel. Co. v. Robertson, 59 Tex. Civ. App. 426, 126 S. W. 629:

"While a telegraph company may limit its liability for an unrepeated message, the limitation cannot be extended so as to relieve it from the consequences of its negligence, for when the plaintiff has proved negligence on the part of the telegraph company in transmitting the telegram, and that damages were proximately caused by such negligence, such a stipulation in regard to repeating the message, as was pleaded by defendant in this case, amounts to nothing; or, in other words, the contract is as though it contained no such stipulation."

[2] The error in this case was adding a letter to the word "here," so as to make it "there," and that was the only evidence of negligence on the part of appellant.

[3] We do not think that of itself is sufficient to justify a finding of negligence on the part of appellant. As said in Womack v. Tel. Co., 58 Tex. 176, 44 Am. Rep. 614:

"It has been repeatedly decided, and such is the rule adopted by this court, that the mere fact that there may have been an error in the message as received would not of itself be sufficient proof of negligence to entitle a plaintiff to recover, as the error may reasonably be attributed to some other cause."

That rule is modified in that opinion, as has been done herein, by holding that an error might be so flagrant in the transmission of a telegram as to constitute negligence in itself. Every case, however, must depend upon its own facts. In this case the error is one that might have crept in, without negligence, from the freaks of electricity that are unaccountable, or other causes not controllable. It would be utter folly to hold that the condition as to repeating messages was reasonable and that the burden of proving negligence rested on the plaintiff, if every error in transmission of a message was sufficient evidence of negligence. The two rulings would be utterly inconsistent and destructive of each other. Error in transmission might be so gross as to be prima facie evidence of negligence, and that would be as far as a court could go if the rule that the stipulation as to repeated messages is reasonable, and that the burden is on the plaintiff in such cases to show negligence, is to be maintained.

The judgment is reversed, and judgment here rendered that appellees take nothing by their suit, and pay all costs in this behalf expended.